MRS. DAISY V. MARTIN, Deceased, and J. H. MARTIN, v. GLENWOOD PARK SANATORIUM and AMERICAN EMPLOYERS INSURANCE COMPANY, Carrier.

(Filed 27 January, 1931.)

1. **Master and Servant F a—Workmen's Compensation Act should be liberally construed to effectuate legislative intent.**

   The legislative intent should be ascertained and given effect in construing the Workmen's Compensation Act, and its benefits should not be denied upon technical, narrow or strict construction.

2. **Statutes B a—Definitions in act are a part thereof but will not be given meaning beyond necessary import or allowed to defeat intent.**

   While as a general rule definitions contained in an interpretative clause of a statute are a part of the act, their meaning will not be extended beyond their necessary import or be allowed to defeat the legislative intent otherwise therein clearly expressed.

3. **Master and Servant F g—Widower is presumed to be dependent of wife killed in accident compensable under Workmen's Compensation Act.**

   Construing section 2, subsection (o) of the Workmen's Compensation Act defining a widower entitled to the benefits as one who had lived with the wife at the time of her death and "was dependent upon her for support" in connection with section 39 defining dependents, it is *held:* to fully support the beneficial intent of the act the provisions in the latter to the effect that the widower be conclusively presumed a dependent of the wife is manifestly clear, and that under this presumption he is entitled to compensation for the death of his wife with whom he was living when her death was caused by an accident arising out of and in the course of her employment.

4. **Statutes B a—Apparent repugnancy in two sections of an act will be reconciled if possible by reasonable construction.**

   Where there are clauses of a statute that are repugnant to each other and cannot be reconciled by reasonable interpretation the latter in place will repeal the former, but the section will be reconciled if possible by reasonable construction.

APPEAL by defendants from *Schenck, J.,* at August Term, 1930, of GUILFORD. Affirmed.

*Statement and award by Commissioner Dorsett:* In the original application for review, the defendants claimed two grounds upon which the award should be set aside, namely: First, for that J. H. Martin was not a dependent of the deceased, and, therefore, not entitled to compensation; Second, for that the injury complained of was not an accident.

When the case was called for hearing and argument, the defendants announced that it had abandoned the second assignment of error, and rested its appeal upon the one question—that the claimant, J. H.

Martin, widower of the deceased, Daisy V. Martin, was not dependent upon his wife, and therefore, not entitled to compensation.

In support of this position, the defendants contend that section 39 of the act, which provides that, "A widow, a widower, and/or a child shall be conclusively presumed to be wholly dependent for support upon the deceased employee," should be read and interpreted along with subsection (o) of section 2, of the act, which defines a widower as: "The term 'widower' includes only the decedent's husband who at the time of her death lived with her and was dependent for support upon her."

It was admitted that the claimant was not dependent for support upon his wife, and upon that question the following testimony was offered: "Q. Were you dependent on Mrs. Martin for support? A. No, I wouldn't say that. Q. Did she ever contribute in any way to your support? A. Well, she was just like any good woman; she was always buying something for the house. Q. Did she ever contribute to your support? A. No."

It appears from the evidence that the deceased, Mrs. Martin, had one son 22 years of age, who was not dependent upon her, and who was engaged in a gainful occupation, and that if the husband is not conclusively presumed to be dependent upon her then she has no dependents.

By reference to section 39, of the act, it will be seen that this presumption of dependency is declared twice in the first three lines of the section, and again in the last paragraph of the section, which provides: "The widow, or widower, and all children of deceased employees, shall be conclusively presumed to be dependents of deceased, and shall be entitled to receive the benefits of this act for the full periods specified in the act."

While we cannot ignore the definitions, as set out in section 2 of the act, yet attention must be given to the first line of the section, which provides as follows: "When used in this act, unless the context otherwise requires—" the following definition shall govern. "Context" means: "The entire text or connected structure of a particular discourse or writing."

If it could be said that there was doubt as to the legislative intent in the first sentence of section 39, certainly the last paragraph of this section dispells all doubt as to what the Legislature intended to say. Subsection (o) of section 2, may be harmonized with the context by construing the word "and" in line two, to mean and read "or."

As a general rule definitions contained in an interpretation clause are a part of the law, but they will not be extended beyond their necessary

import, nor will they be allowed to defeat the legislative intent, otherwise clearly manifested in the act.

In section 39, the Legislature emphasized its intention that a widower should be conclusively presumed to be dependent upon his wife, and the rule is that if two statutes, or two sections or parts of the same statute, relating to the same subject, shall not be reconciled by any fair and reasonable method of construction, the last in point of time will control; and if there is a similar conflict between two clauses or sections of the same statute, effect must be given to the last in order of position overriding the earlier.

"The findings, award, and opinion of Commissioner Dorsett are hereby affirmed, and adopted as the findings, opinion, and award of the full Commission. Matt. H. Allen, Chairman."

Thereafter in apt time the defendant, the American Employers Insurance Company, the carrier, appealed to the Superior Court of Guilford County, North Carolina, and the N. C. Industrial Commission duly certified the case to the Superior Court of Guilford County, where it was docketed for a hearing.

At the August Term, 1930, of the Superior Court of Guilford County, this case was heard before his Honor, Michael Schenck, judge presiding, and after the hearing before said judge, judgment was rendered and signed by him as follows:

*Judgment:* "This cause coming on to be heard and being heard at the August Term, 1930, of Guilford County Superior Court for the trial of civil causes, pursuant to section 60 of the North Carolina Workmen's Compensation Act as ratified by the General Assembly, 11 March, 1929, upon appeal by the defendants, above named, from a decision of the North Carolina Industrial Commission, upholding and affirming an award and the conclusions of law theretofore made by Commissioner Dorsett, awarding compensation to the above named plaintiffs, and the court being of the opinion that the findings, award and decision of the North Carolina Industrial Commission should be upheld and affirmed:

It is, therefore, ordered, adjudged and decreed that the findings, award and opinion of the North Carolina Industrial Commission be, and the same is hereby in all respects affirmed and adopted as the findings, opinion and award of this court.

This, the 25th day of August, 1930."

From this judgment the defendants excepted, assigned error and appealed to the Supreme Court.

*A. C. Davis for plaintiffs.*
*King, Sapp & King for defendants.*

CLARKSON, J. In this day and age in this commonwealth, the wife no longer, as in the days gone by, confines her activities strictly to home and domestic duties. The "help meet" frequently takes her part in industry, not connected with the home. Whether this is for weal or woe, we are not here called upon to determine. This being a fact, the General Assembly of North Carolina, in reference to the wife as a wage-earner, no doubt, in view of this changed condition, passed the provisions in the North Carolina Workmen's Compensation Act we are now called upon to construe. On the present record the only question presented: "Is the plaintiff, J. H. Martin, widower of Daisy V. Martin, deceased employee, conclusively presumed to be dependent upon his said wife for support, and as such entitled to compensation under the North Carolina Workmen's Compensation Act?" We think so. The husband and wife were living together at the time of her death, and had been for years.

In *Johnson v. Hosiery Co.,* 199 N. C., at p. 40, we find: "It is generally held by the courts that the various Compensation Acts of the Union should be liberally construed to the end that the benefits thereof should not be denied upon technical, narrow and strict interpretation. . . . *National Cast Iron Co. v. Hegginbothem,* 112 Southern, 734; *Eddington v. Northwestern Bell Telephone Co.,* 202 N. W., 374." *Smith v. Light Co.,* 198 N. C., 614; *Reeves v. Parker-Graham-Sexton, Inc.,* 199 N. C., 236; *Rice v. Denny Roll & Panel Co.,* 199 N. C., 154.

There is no dispute on the record that the wife "sustained an accidental injury, from which she died on 10 September, 1929, that arose out of and in the course of her employment as a nurse at the Glenwood Park Sanatorium."

The defendants contend that from the testimony of her husband, he is barred from recovery: "Q. Were you dependent on Mrs. Martin for support? A. No, I wouldn't say that. Q. Did she ever contribute in any way to your support? A. Well, she was just like any good woman; she was always buying something for the house. Q. Did she ever contribute to your support? A. No."

This testimony must be considered in reference to the Compensation Act. From the husband's testimony, "She was always buying something for the house," it may be inferred that by the contributions from her labor she made the home more comfortable and attractive than he alone was able to do from his salary. Our decision must be premised on the language and intent of the North Carolina Workmen's Compensation Act. In reference to the subject, it reads as follows:

"Section 2. When used in this act, unless the context otherwise requires." . . . Subsection (o) reads as follows: *"Widower defined.* The term 'widower' includes only decedent's husband, who at the time

of her death lived with her and was dependent for support upon her."
. . . Section 39, reads as follows: *"Dependents defined.* A widow,
a widower, and/or a child *shall be conclusively presumed to be wholly
dependent for support upon the deceased employee.* In all other cases
questions of dependency, in whole or in part, shall be. determined in
accordance with the facts as the facts may be at the time of the accident;
but no allowance shall be made for any payment made in lieu of board
and lodging or services, and no compensation shall be allowed unless
the dependency existed for a period of three months or more prior to
the accident. If there is more than one person wholly dependent, the
death benefit shall be divided among them; the persons partly dependent,
if any, shall receive no part thereof. If there is no one wholly dependent,
and more than one person partially dependent, the death benefit shall be
divided among them according to the relative extent of their depend-
ency. The widow, *widower,* and all children of deceased employees
*shall be conclusively presumed to be dependents of the deceased and shall
be entitled to receive benefits of this act for the full periods specified
in the act."*

It will be noted that in section 39, *"Dependents defined,"* the section
says in the first part that the *widower "shall be conclusively presumed
to be wholly dependent* for support upon the deceased employee." In the
latter part the *widower "shall be conclusively presumed to be depend-
ents of the deceased and shall be entitled to receive benefits of this act
for the full periods specified in the act."*

We are not here considering the wisdom of the legislation, that is for
another branch of the government. We are called upon to construe the
meaning.

But in 25 R. C. L., part sec. 70, at p. 777, we find: "Many of the
statutes, however, provide that husband and wife shall be presumed to be
dependent on each other for support, if they are living together, or are
living apart for some justifiable cause. Some of the acts make no dis-
tinction between the dependency of the husband and the presumption in
favor of the wife. If a wife living with her husband is fatally injured
in an employment coming under the act, the husband living with her at
the time of her death is likewise conclusively presumed to be wholly de-
pendent for support upon her, irrespective of what the real facts may
be."

In *Kornegay v. Goldsboro,* 180 N. C., at p. 452: "The Court, speak-
ing through *Hoke, J.,* says *(Bramham v. Durham,* 171 N. C., at p.
198): 'It is a well recognized principle of statutory construction that
when there are two acts of the Legislature applicable to the same sub-
ject, their provisions are to be reconciled if this can be done by fair and
reasonable intendment, but, to the extent that they are necessarily

8—200

repugnant, the latter shall prevail. The position is stated in substantially these terms by *Associate Justice Field* in *U. S. v. Tynen,* 78 U. S., 92, as follows: "Where there are two acts on the same subject, the rule is to give effect to both, if possible; but if the two are repugnant in any of their provisions, the latter act, and without any repealing clause, operates to the extent of the repugnancy as a repeal of the first"; and in Sedgewick on Statutory Construction, p. 127, quoting from *Ely v. Bliss,* 5 Beavan, it is said: "If two inconsistent acts be passed at different times, the last is to be obeyed, and if obedience cannot be observed, without derogation from the first, it is the first that must give way." ' " The North Carolina Workmen's Compensation Act was passed as a whole, yet by analogy we think the above principle prevails in construing the sections relating to the subject if they are irreconcilable. *Leonard v. Sink,* 198 N. C., p. 119.

The acts of the various states differ—some are manufacturing states, some agricultural and some both. This State is now to a considerable extent a manufacturing State. We are concerned here only in construing the act of this State. We think the construction placed on it by the unanimous decision of the Industrial Commission and the court below correct. The judgment is

Affirmed.