(No. 26906.—

JOHN NAPRAWA *et al.*, Appellants, *vs.* CHICAGO FLAT JAN-
ITORS' UNION, LOCAL No. 1, *et al.*, Appellees.

*Opinion filed January 21, 1943.*

MAXIMILIAN J. ST. GEORGE, for appellants.

JOSEPH A. RICKER, for appellees.

Mr. JUSTICE SMITH delivered the opinion of the court:

This case is here on leave to appeal granted by this
court to review a judgment of the Appellate Court for the
First District. 315 Ill. App. 328.

On April 10, 1940, appellants filed a complaint in the
circuit court of Cook county. The purpose of the suit
was to obtain an injunction against appellees to prevent
them from interfering with appellant, John Naprawa, doing
the janitor work in a building claimed to be owned by
appellants. It was alleged in the complaint that defendants
had picketed the building and otherwise interfered with
appellant, John Naprawa, in doing such janitor work, be-
cause he had not joined the janitors' union. After some
amendments were made to the complaint at different times,
the court overruled a motion of appellees to strike the
complaint.

On June 3, 1940, the answer of appellees was filed. On June 30, 1941, a hearing was had. At this hearing the testimony of appellant, John Naprawa, was taken and one exhibit was offered in evidence. During the course of that hearing, in response to an inquiry made by the court as to counsels' understanding of the nature of the hearing, counsel for appellant stated that the hearing was "on the permanent injunction." At the conclusion of that hearing, on June 30, 1941, the chancellor announced that he would dismiss the case for want of equity. Thereupon, the court announced the suit was dismissed for want of equity. At the request of counsel for appellants, however, he changed the order to show that the suit was dismissed on motion of plaintiffs, without prejudice.

On July 3, 1941, plaintiffs' counsel, on notice to the attorney for the defendants, presented a motion asking the court to vacate the order entered on June 30, dismissing the suit without prejudice, and for leave to file *instanter* an amendment to the complaint. Both motions were allowed and the amendment was filed. Upon the filing of the amendment, there was some discussion between the court and the counsel relative to permitting the case to stand for some time in *status quo*. Apparently no agreement was reached. The following order was then entered by the chancellor:

"This matter coming on to be heard again upon the motion of the plaintiffs for an injunction against the defendants, having been continued from time to time to this date, and all parties being present in court and represented by counsel and the court having considered the complaint and amendments thereto filed in this cause and upon evidence that plaintiffs are the owner of the premises in question and that plaintiff Naprawa as owner is doing the janitor work and that the Chicago Flat Janitors' Union is picketing said building to force him to join this union and after arguments of counsel, it is ordered that a writ of injunc-

tion issue forthwith and for good cause shown out of and under the seal of this court enjoining and restraining the defendants Chicago Flat Janitors' Union, William Quesse, their officers, directors, solicitors, clerks, agents, attorneys and each and every one of them, (1) from calling a strike against and picketing or causing the premises described in the complaint and commonly known as 2114-2122 N. Kedzie Blvd., Chicago, Illinois, to be picketed; (2) from preventing or causing to be prevented the delivery of goods, wares and merchandise to said premises; (3) from calling any strike on said premises or preventing or interfering with any painters, decorators or workmen from working on said premises; (4) from molesting, harassing or interfering with plaintiff John Naprawa from acting as janitor of said premises until the further order of this court."

The court at the same time entered an order fixing the amount of the injunction bond at $500. On the same day a bond was presented which was approved by the court. The bond presented and approved by the court was in the usual form required by statute upon the issuance of a temporary injunction. The condition of the bond was that appellants would pay all damages awarded against them "in case the said injunction shall be dissolved."

On July 10, the court, on motion of appellees, fixed the amount of a supersedeas bond and approved the bond tendered by them. On the same day, notice of appeal was filed by appellees. They appealed from the order granting the injunction. The notice of appeal recites that the appeal was taken to the Appellate Court "from interlocutory decree entered in the above cause in the circuit court of Cook county, Illinois, on July 3, 1941." Following this, the order entered on July 3, and from which the appeal was taken, is set out at length in the notice. This is the order above set out in this opinion. The Appellate Court reversed the decree of the circuit court. Apparently both parties in the Appellate Court treated the case as an appeal

from an interlocutory order and not from a final decree. Section 78 of the Civil Practice Act provides for appeals from interlocutory orders granting injunctions. Ill. Rev. Stat. 1941, chap. 110, par. 202.

Clearly the order appealed from was not a final order or decree. It made no disposition of the case on the merits or as to costs. By a separate order entered on the same day the court fixed the amount of the bond required, and approved the bond tendered. No such bond could be required where a permanent injunction is granted by the final decree in any cause. No disposition of the case was made except to order the issuance of the injunction "until the further order of this court." The order itself has none of the characteristics of a final order or decree, disposing of the case on the merits. The injunction ordered was temporary. It was to continue in force until the further order of the court, only. It was not permanent. While appellees had a right to appeal to the Appellate Court from this interlocutory order under section 78 of the Civil Practice Act, that section expressly provides, "No appeal shall be taken from the order entered by said Appellate Court on any such appeal."

It is clear from the record that the order from which the appeal was taken to the Appellate Court was an interlocutory order. The statute expressly denies the right of an appeal from the judgment of an Appellate Court reviewing such an order. This court has no jurisdiction. The order granting leave to appeal was therefore improvidently entered. That order is vacated and the petition for leave to appeal is dismissed for want of jurisdiction.

*Order allowing appeal vacated.*
*Petition for leave to appeal dismissed.*