15554

BROWN *ET AL.* v. MARTIN *ET AL.*

(26 S. E. (2d), 317)

January, 1942.

*Mr. Irvin Steinberg* and *Mr. Hammond C. Bowman,* both of Charleston, S. C., Counsel for Appellants,

*Mr. John I. Cosgrove,* of Charleston, S. C., Counsel for Respondents,

July 1, 1943.

Mr. Associate Justice Fishburne delivered the unanimous opinion of the Court:

Morris Brown was an employee of J. Roy Martin, and met his death by accident arising out of and in the course of his employment. He was a Negro, twenty-one years of age, whose father and mother had predeceased him. He left no widow or child, but left surviving him an unmarried sister, Callie May Brown, age twenty-three years, and an unmarried brother, L. G. Brown, age nineteen years. Neither the brother nor the sister was dependent upon the deceased.

The hearing commissioner held that Callie May Brown and L. G. Brown were the proper legal beneficiaries entitled to receive the full amount of compensation under the Workmen's Compensation Law, namely: $3,360.00, in equal shares, less commuting charges and burial expenses, by virtue of Section 7035-43, Code 1942. This award was affirmed by the South Carolina Industrial Commission.

We may say in passing that at the time of the accident the deceased, Morris Brown, lived with an aunt, Ryvanna Brown Smith, and she claimed to be a partial dependent. This claim was disallowed, and no appeal was taken therefrom.

The lower Court upon appeal by J. Roy Martin, the employer, and Glens Falls Indemnity Company, the insurance carrier, from the decision of the Industrial Commission, reversed the award, and held that Callie May Brown, the sister, and L. G. Brown, the brother, being non-dependents and over the age of eighteen years, were not included in the class of beneficiaries defined in Section 7035-43. From this decision the claimants have appealed.

Section 7035-43 provides in part as follows: "If a deceased employee leaves no dependents, the employer shall

pay to the next of kin as herein defined the commuted amount provided for in § 7035-41 for whole dependents, less burial expenses which shall be deducted therefrom but if the deceased left no next of kin as herein defined, then one-half of said commuted amount shall be paid to the industrial commission to be held and disbursed by it in the manner hereinafter provided. One-half of said amount shall be retained by the industrial commission and the other one-half paid to the personal representative of the deceased to be by him distributed to the next of kin as defined in the statutes of distribution, but if there be no next of kin as defined in the statutes of distribution, then the personal representative shall pay the same to the industrial commission after payment of costs of administration. For the purpose of this section the term 'next of kin' shall include only the father, mother, widow, child, brother or sister of the deceased. Amounts paid to the industrial commission under this section shall constitute a second injury fund to be held by the commission and disbursed by it in unusual cases of second injury as follows   *   *   *."

It will be noted that in the last part of Section 7035-43 quoted above, "next of kin" is defined as follows : "For the purpose of this section the term 'next of kin' shall include only the father, mother, widow, child, brother or sister of the deceased."

And the appellants contend that a proper construction of the statute requires the meaning that any brother or sister shall be entitled to the compensation regardless of age, and that the term brother or sister should not be confined in its meaning to persons under eighteen years of age, as was held by the Circuit Court.

In enacting our Workmen's Compensation law, the legislature undertook to define certain terms therein used; these definitions are to be found in Section 7035-2. This section provides that "When used in this article, unless the context otherwise requires   *   *   *   the term[s] 'child', 'grand-

child', 'brother', and 'sister' include only persons who at the time of the death of the deceased employee are under eighteen years of age, or wholly dependnt upon the employee."

In our opinion, there is nothing in the definition of "next of kin", appearing in Section 7035-43 which in any way modifies, enlarges or qualifies the meaning of brother or sister as defined in Section 7035-2. There is nothing in the context of the section which requires or suggests that the legislature in its definition of "next of kin" intended to affect the ·meaning of the term brother or sister as already defined.

The General Assembly has power to prescribe legal definitions of its own language, and such definitions are generally binding upon the Courts, and should prevail. *Windham v. Pace,* 192 S. C., 271, 6 S. E. (2d), 270.

While the Workmen's Compensation Act is to be liberally construed to the end that the benefits thereof may not be denied upon technical, narrow and strict interpretation, words should be given their established legal meaning or the meaning which the legislature intended. *Coakley v. Tidewater Const. Corporation,* 194 S. C., 284, 9 S. E. (2d), 724; nor is the Court justified in so construing it as to do violence to a specific requirement of the Act. *Wallace v. Campbell Limestone Co.,* 198 S. C., 196, 17 S. E. (2d), 309.

It must be kept in mind that the compensation afforded by this Act is statutory in character, and the right of any claimant thereto is dependent upon the terms and conditions of the Act. On the death of the employee as the result of a compensable injury, only those persons are entitled to compensation who are within the terms of the compensation law, and they take subject to its conditions. *Young v. Hyman Motors,* 199 S. C., 233, 19 S. E. (2d), 109, 112.

The case of *Young v. Hyman Motors, supra,* is analogous to the case at bar, and the reasoning employed there must control here.

In the above-cited case, the Court was requested in effect to disregard the definition of the word "widow", as found in Section 7035-2, just as in the case at bar we are urged to disregard the definition of the term brother or sister. The contention was answered thus: (We quote from *Young v. Hyman Motors, supra*):

"It is true that the North Carolina Supreme Court, in the case of *Martin v. Glenwood Park Sanitarium,* 200 N. C. 221, 156 S. E. 849, held that Section 39 of their Compensation Act should be construed without regard to subdivision (o) of Section 2, defining the term 'widower'; both of these sections being identical with those in our Act. The Court held that in Section 39, the Legislature emphasized its intention that a widower should be conclusively presumed to be dependent upon his wife, and that this section was in this respect in conflict with subdivision (o) of Section 2, and that the last section in point of time should control. In other words, the Court practically read out of the Act the definition of 'widower.'

"While this case relates to subdivision (o) defining the term 'widower', the reasoning of the Court might apply equally to subdivision (n) defining the word 'widow'. But after carefully considering this decision, which while, of course, not binding, is entitled to great respect, I am unable to concur in the views therein expressed; for it seems to me that when Section 39 [now Sec. 7035-42] is construed in connection with subdivision (n) of Section 2, there is no conflict whatever. Section 39 uses the term 'widow' without qualifying or defining it for the simple reason that it had already been specifically defined in subdivision (n) of Section 2. The very purpose of giving these definitions at the beginning of the Act was to obviate the necessity of defining and qualifying these terms throughout the various sub-

sequent sections of the Act. And the context of Section 39 does not justify disregarding the definition of widow. To adopt the views of the North Carolina Supreme Court as indicated by the case cited would in my opinion defeat the intention of our Legislature in the particulars involved in the instant case."

It is clear to us from a reading of our Act as a whole, that the legislature did not intend to make non-dependent unmarried brothers and sisters, over 18 years of age, beneficiaries of its provisions, except as otherwise provided by Section 7035-43. Under that section they share in that portion of the award paid to the personal representative of the deceased to be distributed by the personal representative to the "next of kin as defined in the statutes of distribution."

Judgment affirmed.

MESSRS. ASSOCIATE JUSTICES BAKER and STUKES and CIRCUIT JUDGES T. S. SEASE and E. H. HENDERSON, ACTING ASSOCIATE JUSTICES, concur.