FLOYD W. COONS v. JOURNEYMEN BARBERS, HAIR-
DRESSERS & COSMETOLOGISTS INTERNATION-
AL UNION OF AMERICA, LOCAL NO. 31,
AND OTHERS.[1]

May 31, 1946.

No. 34,189.

*Richard S. Felhaber* and *Gustav A. Larson,* for appellant.
*William D. Gunn,* for respondents.

PETERSON, JUSTICE.

Plaintiff, having sued for an injunction to restrain defendants, a labor union and certain of its officers, from causing his barbershop to be picketed, appeals from an order sustaining defendants' demurrer to the complaint.

[1]Reported in 23 N. W. (2d) 345.

The complaint alleges in effect that the purpose of the picketing is to compel plaintiff, the operator of a one-man barbershop, to join the defendant union; that he operates a licensed barbershop, where the hours, prices, and other conditions are as good or better than those in which the members of defendant union are employed; that he has no employes; that he does all the work in the shop himself; that, because of plaintiff's refusal to join the defendant union, defendants caused his shop to be picketed by having pickets patrol on the street in front of his shop displaying signs, which on one side read, "BARBER SHOP UNFAIR TO LOCAL 31, AFFILIATED WITH THE A. F. OF L.", and on the other, "THIS IS NOT A UNION SHOP"; that there was no strike or lockout at his shop; and that, as a result of the picketing, plaintiff has sustained irreparable damage through loss of patronage and inability to obtain deliveries of supplies because of the refusal of deliverymen to cut across picket lines to make deliveries at his shop.

The assignments of error raise numerous questions, but we shall discuss only one of them, viz., whether defendants, in the exercise of the right of freedom of speech secured by U. S. Const. Amend. XIV, had the right peacefully to picket plaintiff's shop for the purpose of inducing him to join defendant union, even though in operating his shop he did all the work without any employes and the picketing caused him damage through loss of patronage and prevention of deliveries of supplies, because an affirmative answer to that question is decisive, regardless of what we may hold with respect to other questions presented.

Because the question here is one arising under the constitution of the United States, decision is controlled by the rules laid down by the Supreme Court of the United States as the ultimate authority in such matters, regardless of our prior decisions. Glover v. Minneapolis Bldg. Trades Council, 215 Minn. 533, 10 N. W. (2d) 481, 147 A. L. R. 1071. In the Glover case, following decisions of the Supreme Court of the United States, we held that, although there was no labor dispute as defined by state statute, a labor union in the exercise of freedom of speech secured by U. S. Const.

Amend. XIV, had the right peacefully to picket premises, where a person was engaged in constructing a house with his own hands for the purpose of sale, to induce him to let the work to others who would employ union labor to do the work. While much said in the Glover case is applicable here, the issue here is different for the reason that defendants here sought to induce plaintiff to join defendant union and not, as in the Glover case, to let his work to others, who would employ members of defendant union to do it.

We think that decisions of the Supreme Court of the United States have settled the applicable rules in favor of defendants and against plaintiff. In Cafeteria Employees Union v. Angelos, 320 U. S. 293, 294, 64 S. Ct. 126, 127, 88 L. ed. 58, 59, it was held that the constitutional right of freedom of speech secured by the Fourteenth Amendment comprehends peaceful picketing by a labor union of a place of business operated by the owners, doing all the work themselves without any employes, for the purpose of inducing the owners to join a labor union, or as the court said "in an attempt to organize it." There the pickets displayed signs characterizing the owners as "unfair" and "aiding the cause of Fascism."

In Bakery & Pastry Drivers, etc. v. Wohl, 315 U. S. 769, 62 S. Ct. 816, 86 L. ed. 1178, it was held that a labor union had the right, in the exercise of freedom of speech under the Fourteenth Amendment, peacefully to picket the place of business of sellers to and purchasers from independent peddlers of bakery products who, operating seven days a week, did all their own work without any employes and refused either to join the union, whose rules permitted a member to work only six days a week, or to employ a union member one day a week.

Plaintiff attempts to distinguish the decision in the Angelos case and limit it to cases where the person whose place of business is picketed was an employer, or was such when the picketing began. This, he seeks to do by going behind the facts stated in the opinion as the basis upon which it rests and resorting to the record to show that, when the picketing began, one of the plaintiffs was the owner of the cafeteria picketed and the others were employed by him in

operating it. Before the action was begun the owner and his employes became bona fide partners and co-owners, doing all the work in connection with the cafeteria themselves without any employes. The fact that one of the plaintiffs was the sole owner and the employer of others when the picketing began was not a factor in decision by either the state court or the Supreme Court of the United States. The state court based its decision upon the fact that "plaintiffs as members of the partnership did all the work in connection with said cafeteria without any outside assistance." Angelos v. Mesevich, 289 N. Y. 498, 500-501, 46 N. E. (2d) 903, 904-905. The Supreme Court of the United States, basing its decision upon the fact that the owners operated the business without employes, said (320 U. S. 294, 64 S. Ct. 126, 88 L. ed. 59) :

"* * * The cafeteria was owned by respondents, who themselves conducted the business without the aid of any employees."

The state court and the Supreme Court of the United States reached diametrically opposite conclusions from the same fact. So far as we are concerned, the important matter is what was the fact upon which the Supreme Court of the United States based its decision? As Mr. Chief Justice Marshall said in Ogden v. Saunders, 12 Wheat. (U. S.) 213, 333, 6 L. ed. 606, 647: "* * * the positive authority of a decision is co-extensive only with the facts on which it is made." In accord, Grimes v. Bryne, 2 Minn. 72 at p. 84 (89 at p. 102) ; 5 Dunnell, Dig. & Supp. § 8820. Because the authority of a decision is to be determined only by the facts upon which it was based, it is not permissible in that connection to consider other facts appearing either in the opinion or in the record. Since decision in the Angelos case was based upon the fact that the owners of the place picketed operated the business themselves without any employes, the rule of the case applies in such a fact situation. Therefore, the Angelos case is authority for the rule that peaceful picketing of a place of business for the purpose of inducing the owners to join a labor union is a lawful exercise of the right of freedom of speech secured by the Fourteenth Amendment, even

though the owners themselves without any employes do all the work incident to operating the business. The authority of the Angelos case is not to be limited, as plaintiff suggests, to cases where the persons whose place of business is picketed were employers, or were such when the picketing began. The only difference, then, between the Angelos case and the instant one is that in the Angelos case the business was operated by several owners doing the work themselves, while here the business was operated by but a single owner doing the work himself. That difference is not one of substance. The same rule should apply whether the business place picketed is owned and operated by only one or several owners. No such distinction was attempted to be made with respect to the Wohl case, and of course there can be none.

Decisions holding that peaceful picketing for the purpose of inducing one operating a business without employes to join a union recognize both the right of a person to operate his business without employes and without joining a union, and the right of a union, in the exercise of the constitutional right of freedom of speech secured to its members by the Fourteenth Amendment, to proclaim those facts for the purpose of influencing the public in their dealings with him. Naprawa v. Chicago Flat Janitors' Union, 315 Ill. App. 328, 43 N. E. (2d) 198 (leave to appeal denied, 382 Ill. 124, 46 N. E. [2d] 27) ; O'Neil v. Bldg. Service Employees Int. Union, 9 Wash. (2d) 507, 115 P. (2d) 662, 137 A. L. R. 1102. In the Naprawa case, following the decisions of the Supreme Court of the United States, it was held that, where the purpose of peaceful picketing of the sort here complained of was to compel the owner of a flat building, doing all janitorial work himself without any employes, to join a labor union, the picketing was lawful as being but an exercise of defendants' constitutional right of freedom of speech, even though the effect thereof was to prevent the delivery of goods to the premises by deliverymen and the performance thereon of maintenance services by painters, decorators, and other workmen.

Our conclusion is that the decision below was correct under the rules laid down by the Supreme Court of the United States governing cases of this kind.

Affirmed.