# NORMAN JOHNSON v. MUNSINGWEAR, INC. AND ANOTHER.[1]

December 6, 1946.

No. 34,300.

[1]Reported in 25 N. W. (2d) 308.

*Durham & Swanson,* for relators.

*T. M. Hynes,* for respondent.

PETERSON, JUSTICE.

The question for decision is whether two children, one under the age of 16 and the other between the ages of 16 and 18, were wholly dependent upon the employe, their mother, whose death by accident was compensable under the workmen's compensation act.

On February 3, 1945, the employe met with an accident arising out of and in the course of her employment which caused her death on March 8, 1945. At the time of the accidental injury, employe was earning $32 per week and her husband $52 per week. Their earnings were put into a common fund or pool, out of which all family and household expenses were paid. Among such expenses was a ten-dollar-per-week wage paid to a housekeeper. Employe and her husband had two children, Gloria Ann and Monte Thomas, of the ages of almost nine years and approximately 16 years and five months, respectively, who lived with them as members of the family and were supported out of the common fund. Gloria Ann had no income of her own, but Monte Thomas did. He attended high school and worked part time, earning at the time of employe's death and for six months afterward four dollars per week and thereafter eight dollars per week. The record does not show what disposition he made of his earnings. The commission found that both children were wholly dependent upon the employe, and it made an award of compensation accordingly.

The employer contends that the award is not justified as a matter of law, for the reasons (1) that, while the workmen's compensation act declares that a child under the age of 16 years shall be conclusively presumed to be *wholly* dependent and that a child between 16 and 18 years of age shall *prima facie* be considered dependent, the act does not include the children of a deceased female employe, because "it does not designate the person they are pre-

sumed to be dependent upon"; and (2) that, because the children were supported out of a common fund contributed to by both their father and mother, they were in fact partial dependents of their mother to the extent of the net proportional contribution made by her for their support. Except to call our attention to the fact that the boy, Monte Thomas, through his own efforts earned the amounts mentioned, the employer has made no point here as to the significance, if any, of that fact, and for that reason we shall not consider it as a factor in the case, notwithstanding the fact that the commission considered it as a factor and disposed of it upon the theory that the boy was in fact wholly dependent, even though he had some income of his own.

■ It is claimed by respondent that the status of deceased's children as her dependents is created by the following provisions of Minn. St. 1945, § 176.12:

"Subdivision 1. For the purpose of this chapter, the following described persons shall be conclusively presumed to be wholly dependent: * * * (b) minor children under the age of 16 years;

"Subd. 2. Children between 16 and 18 years of age, * * * shall, prima facie, be considered dependent."

We have no difficulty in holding that the dependents referred to in the workmen's compensation act include those of a deceased female employe. A child for the purposes of the act is defined as one entitled to inherit as a child of the deceased.[4] There are provisions that a "wife" shall be conclusively presumed to be wholly dependent,[5] and that compensation in amounts specified shall be paid to a widow or widower and dependent children "if the deceased employee leave" such.[6] In subd. 3, a child and certain other relatives wholly supported by a deceased employe are referred to

[4]Minn. St. 1945, § 176.01, subd. 3 (see, M. S. A. § 176.01, subd. 3, and cf. Mason St. 1927, § 4326[b]).

[5]Minn. St. 1945, § 176.12, subd. 1 (see, M. S. A. § 176.12, subd. 1, and cf. Mason St. 1927, § 4275[1]).

[6]Minn. St. 1945, § 176.12, subds. 3 to 16 (see, M. S. A. § 176.12, subds. 3 to 16, and cf. Mason St. 1927, § 4275[3 to 16]).

as "his actual dependents." In § 176.06,[7] dependents of a deceased employe are referred to as *his* dependents. It is plain that compensation is allowed to the persons mentioned because of their relationship to the employe. It could not have been intended to provide compensation benefits for somebody else's wife, widow, widower, or children. The only permissible construction of the statute is that a child conclusively presumed to be wholly dependent or one presumed to be prima facie dependent means a child of a deceased employe. As said in State ex rel. Radisson Hotel v. District Court, 143 Minn. 144, 146, 172 N. W. 897, 898, "the minor children thus referred to are the children of an employee accidentally killed in the course of the employment." In the cited case, we held that the children under the age of 16 years of a deceased female employe were her dependents. True, as employer points out here, it appeared there that the father of the children had deserted their mother and that they were in fact dependent upon her. The employer argues that the authority of the case is limited to such a fact situation. Those facts were of no controlling importance. Decision was rested upon the ground that under the provisions of § 176.12, subd. 1, the children in question were conclusively presumed to be dependents of the deceased employe. After all, the authority of a case depends upon the facts upon which it was decided and not upon others appearing in the record. Coons v. Journeymen Barbers, etc. Union, 222 Minn. 100, 23 N. W. (2d) 345. Decision in the Radisson Hotel case could not have been different. By express provision of the statute, the word *employe* includes "both sexes."[8] As we further said in that case (143 Minn. 146, 172 N. W. 898):

"* * * The law does not in terms exclude the children of the female employee, and no good reason occurs to us why they should be excluded by construction."

---

[7]Minn. St. 1945, § 176.06 (see, M. S. A. § 176.06, and cf. Mason St. 1940 Supp. § 4272-5; *Id.* 1944 Supp. § 4272-5).

[8]Minn. St. 1945, § 176.01, subds. 7 and 8(2), (see, M. S. A. § 176.01, subds. 7 and 8[2], and cf. Mason St. 1927, § 4326[f], [g, 2]).

The authorities generally sustain this view. Reynolds Metal Co. v. Glass, 302 Ky. 622, 195 S. W. (2d) 280. The employer cites contra the case of Fox v. Industrial Acc. Comm. 194 Cal. 173, 228 P. 38. The California statute differs from ours. The Fox case was sufficiently differentiated for present purposes in the Reynolds Metal Co. case, *supra.*

■ Gloria Ann was as a matter of law wholly dependent upon her mother. This conclusion follows from the provision of § 176.12, subd. 1, to the effect that a child under the age of 16 years "shall be conclusively presumed to be wholly dependent." A conclusive presumption of law is not a presumption at all, but is a rule of substantive law. Because a conclusive presumption is a rule of substantive law, it is not permissible to rebut the conclusively presumed fact by evidence. State ex rel. London & L. Ind. Co. v. District Court, 139 Minn. 409, 166 N. W. 772 (wife conclusively presumed under section in question to be a dependent of her husband). See, Ryan v. Metropolitan L. Ins. Co. 206 Minn. 562, 289 N. W. 557. Where a statute conclusively presumes that a person is a dependent of a deceased employe, such person will be held to be a dependent even though he is not such in fact. Martin v. Glenwood Park Sanatorium, 200 N. C. 221, 156 S. E. 849. In such a case, it makes no difference whether the dependent is supported out of a common fund contributed to in part by the deceased employe or whether he has other means of support. Martin v. Glenwood Park Sanatorium, *supra;* Purity Baking Co. v. Industrial Comm. 334 Ill. 586, 166 N. E. 33.

■ The right of Monte Thomas rests on a wholly different basis. Under § 176.12, subd. 2, he is to be considered only *prima facie* dependent. That plainly means that evidence is admissible to rebut the presumption. Ogren v. City of Duluth, 219 Minn. 555, 18 N. W. (2d) 535; Wojtowicz v. Belden, 211 Minn. 461, 1 N. W. (2d) 409. Subdivisions 3, 4, and 17[9] of § 176.12 not only make such a meaning

[9]"Subd. 3. Wife, child, husband * * * who were wholly supported by the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto, shall be considered his actual dependents, and payment of compensation shall be made to them in the order

clear, but also declare the consequences when only partial dependency in fact is shown. These sections in effect provide that a child—meaning of course a child presumed to be only *prima facie* dependent as distinguished from one *conclusively* presumed to be *wholly* dependent—deriving only a part of his support from a deceased employe shall be considered a partial dependent and as such shall be entitled to only such portion of benefits for actual dependents as the deceased's contributions bore to the total income of the dependent. This should have been the amount awarded Monte Thomas rather than benefits for total dependency. That being true, the award to him was erroneous, and the case should be remanded to the commission to make a new award in accordance with the rule stated.

Reversed in part, award set aside, and case remanded to the commission to make a new award in accordance with the opinion.

named." See, M. S. A. § 176.12, subd. 3, and cf. Mason St. 1927, § 4275(3).

"Subd. 4. Any member of a class named in subdivision 3, who regularly derived part of his support from the wages of the deceased workman at the time of his death * * * shall be considered his partial dependents, * * *." See, M. S. A. § 176.12, subd. 4, and cf. Mason St. 1927, § 4275(4).

"Subd. 17. Partial dependents shall be entitled to receive only that portion of the benefits provided for actual dependents which the average amount of wages regularly contributed by the deceased to such partial dependents * * * bore to the total income of the dependent during the same time." See, M. S. A. § 176.12, subd. 17, and cf. Mason St. 1927, § 4275(17); see L. 1945, c. 389, § 2, subd. 17.