## PHILLIP JANNETTA v. MILWAUKEE WESTERN FUEL COMPANY AND ANOTHER.[1]

January 16, 1948.

No. 34,458.

*M. J. McKeon,* for relator.

*R. G. Shepley,* for respondents.

LORING, CHIEF JUSTICE.

Certiorari to review an order of the industrial commission denying relator's claim to compensation as a dependent of his deceased father, John Jannetta, who was the victim of an industrial accident. Phillip Jannetta, the relator here, was the son of John and Mae Jannetta (now Mae Larkey). He was born in 1910. Sometime in 1920 or 1921, Mae left her husband and children in Duluth and came to St. Paul. There was a divorce in 1925, and custody of their four children was awarded to John. Later, the children came to live with Mae.

---

[1]Reported in 30 N. W. (2d) 683.

At the time of his death, John Jannetta was employed by respondent Milwaukee Western Fuel Company. He never had contributed anything substantial to the support of Phillip. Mae brings this proceeding on behalf of Phillip, as guardian of his person and estate, on the contention that Phillip comes within M. S. A. 176.12, subd. 2.

Phillip is and ever since birth has been suffering from what is referred to in the record as spastic paralysis. He is both physically and mentally subnormal. He had no earnings or capacity to earn during the first 30 years of his life. For about a month after he was 30 and during the war he worked as a dishwasher for six dollars a week. His work as a dishwasher was not satisfactory, so his employment was terminated. The evidence is conclusive that he has no earning capacity.

Relator questions the industrial commission's finding that Phillip was not a dependent of his father within the meaning of the workmen's compensation act. Section 176.12 provides for payment of compensation in case of death to certain dependents of the deceased workman. In a note,[2] we have quoted five subdivisions of that section, because the other subdivisions may throw some light on the legislative intent of subd. 2, under which Phillip must bring himself

---

[2]M. S. A. 176.12, with reference to dependents and allowances, provides:

"Subdivision 1. For the purpose of this chapter, the following described persons shall be conclusively presumed to be wholly dependent: (a) wife, unless it be shown that she was voluntarily living apart from her husband at the time of his injury or death; (b) minor children under the age of 16 years;

"Subd. 2. Children between 16 and 18 years of age, or those over 18 if physically or mentally incapacitated from earning, shall, prima facie, be considered dependent;

"Subd. 3. Wife, child, husband, mother, father, grandmother, grandfather, grandchild, sister, brother, mother-in-law, father-in-law, who were wholly supported by the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto, shall be considered his actual dependents, and payment of compensation shall be made to them in the order named;

"Subd. 4. Any member of a class named in subdivision 3, who regularly derived part of his support from the wages of the deceased workman at the time of his death and for a reasonable period of time immediately prior

if he is to prevail. Subd. 1 imposes a conclusive presumption of dependency in the case of a wife not voluntarily living apart and of children under 16. Subd. 2 imposes only a prima facie dependency in favor of children between 16 and 18 and those over 18 who are physically or mentally incapacitated to earn. Subd. 3 provides that certain named relatives of the deceased, including children "who were wholly supported by the deceased workman at the time of his death * * * shall be considered his actual dependents." Subd. 4 states that any member of a class named in subd. 3 "who regularly derived part of his support from the wages of the deceased workman" shall be considered his partial dependents. Subd. 17 limits the benefits for a partial dependent to the proportion of the benefits provided for actual dependents which the average amount of wages regularly contributed by the deceased employe bore to the dependent's whole income.

After Phillip went to live with his mother, he received nothing of consequence in the way of support from his father. It is apparent, then, that he is not a dependent within the meaning of either subd. 3 or 4. State ex rel. Ernest Fleckenstein Brg. Co. v. District Court, 134 Minn. 324, 159 N. W. 755; Bartkey v. Sanitary Farm Dairies, 170 Minn. 159, 212 N. W. 175; Bengston v. Siems, 173 Minn. 498, 217 N. W. 679. In Gossen v. Township of Borgholm, 174 Minn. 227, 228, 229, 218 N. W. 882, 883, we said:

"We have construed this statute as requiring substantial regularity of contribution as an essential element of partial dependency. * * *

\* \* \* \* \*

---

thereto, shall be considered his partial dependents, and payment of compensation shall be made to such dependents in the order named;

\* \* \* \* \*

"Subd. 17. Partial dependents shall be entitled to receive only that proportion of the benefits provided for actual dependents which the average amount of wages regularly contributed by the deceased to such partial dependents at the time of, and for a reasonable time immediately prior to, the injury, bore to the total income of the dependent during the same time;"

"The spirit of the act is to provide a dependent a substitute at the expense of industry to make up in a reasonable degree for what he has been deprived of by the accident. Where an employe has not given material aid to those who naturally have a right to look to him for assistance there would be little justice to support a claim for compensation."

State ex rel. Maryland Cas. Co. v. District Court, 134 Minn. 131, 134, 158 N. W. 798, 799.

It is upon his physical and mental incapacity that Phillip's claim to compensation is founded. It is obvious that before the prima facie provision can take effect there must be established the physical or mental incapacity to earn. Only then does prima facie dependency arise. The prima facie presumption may be rebutted by a showing of the actual facts. Johnson v. Munsingwear, Inc. 222 Minn. 540, 25 N. W. (2d) 308.

Does dependency under our compensation act require actual support from the former employe when the conclusive presumption does not apply? All through the compensation act with reference to such dependents the right to an allowance appears to depend upon actual receipt of support. In the Johnson case, we discussed the provisions of the compensation act here under consideration, and particularly the meaning of the words *prima facie dependency*. In that case, one of the children of the deceased employe was between 16 and 18 years of age and therefore came squarely within the provisions of subd. 2, although not under the feature of the subdivision as to physical or mental incapacity. In speaking of the prima facie provision, we said (222 Minn. 544, 25 N. W. [2d] 311):

"* * * That plainly means that evidence is admissible to rebut the presumption. * * * Subdivisions 3, 4, and 17 of § 176.12 not only make such a meaning clear, but also declare the consequences when only partial dependency in fact is shown."

We there held that a child falling within the prima facie provisions of subd. 2 who derived a part of his support from a deceased employe might be considered a partial dependent, but entitled to only

such proportion of benefits for actual dependents as the deceased's contributions bore to the total income of the dependent. From this holding, we must conclude that had there been no regular contributions from the employe for a substantial period of time prior to his death the prima facie presumption in favor of the child over 16 and under 18 would have been completely rebutted, and no award would have been made to him. The same legislative intent must be held to apply to the incapacitated child over 18, because he falls within the same provision. We therefore hold that, regardless of any legal responsibility for the support of his son, which during his lifetime was imposed by law upon the employe here, no liability under the compensation act is imposed upon the employer under the prima facie provisions of subd. 2 unless the son was actually receiving contributions for his support from the employe. It is obvious that, outside of those conclusively presumed to be dependents, the act uses the word *dependents* with reference only to those actually receiving support. The purpose of the act is to furnish in some measure to the dependent a substitute for what he had been actually receiving from the employe. Gossen v. Township of Borgholm, 174 Minn. 227, 229, 218 N. W. 882, 883.

When a child over 18 alleged to be dependent under § 176.12, subd. 2, has proved his physical and mental incapacity to earn, he has but brought himself within the prima facie provision for dependency, which is fully rebutted by a showing that in fact he received no contributions from the deceased employe.

Order affirmed.