RAINWATER *et al. v.* TRIMBLE *et al.*

No. 17112. SEPTEMBER 11, 1950. REHEARING DENIED OCTOBER 13, 1950.

*John H. Hudson* and *J. Walter LeCraw,* for plaintiffs.

*F. L. Breen* and *James A. Miller,* for defendants.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) The agreement between the union and the employer barbers as to the right to display the union card in their barber-shops is plain and unambiguous. The employer barber agrees to abide by the rules of the union governing the display of this card—not only the rules in existence at the time he acquires the card, but all other rules as may be made in the future. The

union having amended its rules governing the display of the card by requiring the employer barber to join the union in order to retain the use of the card, this was in accordance with the terms of the agreement. Though the membership offered the employer barbers is a limited membership, yet, it being a rule adopted by the union, and there being nothing in the agreement limiting the effect of future rules, such action was covered by the terms of the agreement, which should be binding unless it is in contravention of some rule of law.

Plaintiffs in error cite two cases, involving the same union and the same question here involved, in which an injunction was granted. Riviello *v.* Journeymen Barbers, Hairdressers and Cosmetologists' International Union of America, Local No. 148, 88 Cal. App. 499 (199 Pac. 2d, 400) ; and Foutts *v.* Journeymen Barbers, Hairdressers & Cosmetologists' International Union of America, Local No. 105, 88 N. E. 2d, 317, which was affirmed by the Ohio Court of Appeals (Ohio App., decided March 29, 1950.) These cases turn on the policy of the law of those particular States. Under our labor laws as contained in Ga. L. 1947, p. 616 (Code, Ann. Supp., Chapter 54-9), and Ga. L. 1947, p. 620 (Code, Ann. Supp., Chapter 54-8), we find no provision that would invalidate the agreement as to the use of the union card, or authorize the trial judge to enjoin its enforcement.

Accordingly, the trial judge did not err in refusing to grant an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*