Taft, J.
The provisions of the 1936 agreement, under which plaintiff claims a right to continued use of the union shop card, negative the existence of that light in the instant case. In that agreement, he specifically agreed to comply with all conditions imposed in the rules governing shop cards printed on the back of the shop card, and agreed that the card should remain the property of the defendant, that it was loaned to the plaintiff only during such time as those conditions were fulfilled by the plaintiff, and that plaintiff would on demand peaceably allow the defendant union to remove the shop card from any point of display. Under the rules printed on the back of the shop card, the plaintiff was specifically required to abide by “laws * * * made in the future for the proper government of” such shop cards. If the plaintiff refuses to become a proprietor member of the defendant union, then admittedly he will not have complied with the provisions for government of shop cards contained in the union constitution as amended in 1948. Furthermore, under the rules printed on the back of the shop card, plaintiff specifically agreed “to peaceably give up said shop card * * * for any other cause when called upon to do so.”
In order to hold that the plaintiff has any right, under the 1936 agreement, to continued use of the *577 union shop card, it would be necessary to read something into his agreement with the union which is not there and which would be contrary to the express provisions of that agreement.
In order to sustain the plaintiff’s claim that he has a right under the 1936 contract to continue to display the union shop card, the Court of Appeals held, in effect, that it was not proper and legal for the union to limit the use of its shop card to barber shops in which all who work as barbers are union members, where the necessary effect of such limitation will require the proprietor of a barber shop to become a member of the union with rights of membership inferior to those of employee members of the union. The Supreme Court of Georgia subsequently refused to be persuaded by that holding and rendered a decision for the union on substantially the same facts. Rainwater v. Trimble (1950), 207 Ga., 306, 61 S. E. (2d), 420.
In the instant case, we do not deem it necessary to determine whether it is a proper and lawful labor objective to compel an employer, working in competition with his employees, to join the employees’ union as an employer member with rights inferior to those of the employee members.
Where, as here, there is no contractual obligation to continue to recommend or approve the services of another, we know of no common-law or statutory principle of public policy which requires one, who is accustomed to recommend and approve the services of others, to continue to recommend and approve the services of someone whose services he no longer wishes to recommend or approve, regardless of the lack of merit in the reasons he may have for discontinuing his recommendation and approval of those services. There may be limitations on the right of such one to criticize the services which he no longer wishes to recommend *578 and approve bnt there is certainly no limitation on his right merely to discontinue his recommendation or approval of those services.
Where one relies upon the recommendation and approval of another to build up his business without any agreement limiting the causes for which such recommendation and approval may be discontinued, such one necessarily runs the risk that such other may, without just cause, determine to discontinue such recommendation and approval.
Where picketing, a strike or a boycott against an employer by a union is involved, it may be appropriate to determine whether the object sought to be achieved by such union activity is legal and proper. Crosby v. Rath, 136 Ohio St., 352, 25 N. E. (2d), 934, certiorari denied, 312 U. S., 690, 85 L. Ed., 1126, 61 S. Ct., 618; Restatement of the Law of Torts, Section 775. However, where a union merely discontinues its recommendation or approval of an employer and is under no contractual obligation to continue such recommendation or approval, it may discontinue such recommendation or approval for any reason. See Section 6226, General Code; Saulsberry v. Coopers International Union, 147 Ky., 170, 143 S. W., 1018, 39 L. R. A. (N. S.), 1203; annotation, 39 L. R. A. (N. S.), 1190; Tracy v. Banker, 170 Mass., 266, 49 N. E., 308, 39 L. R. A., 508; 31 American Jurisprudence, 869, Section 84; Giboney v. Empire Storage & Ice Co., 336 U. S., 490, 499, 93 L. Ed., 834, 842, 69 S. Ct., 684; International Brotherhood of Teamsters v. Hanke, 339 U. S., 470, 474, 94 L. Ed., 995, 1001, 70 S. Ct., 773. Cf. Letts v. Kessler, 54 Ohio St., 73, 42 N. E., 765, 40 L. R. A., 177.
The display of the union shop card i.n the instant case is a representation by the plaintiff to his employees and to the public that the plaintiff is recommended by and has the approval of the defendant *579 union. If the plaintiff is not so recommended and does not have that approval, then that representation is false. Such a false representation will necessarily tend to deceive the public and the employees of the plaintiff. In the instant case, if a court of equity enjoins the defendant union from removing its shop card when the defendant union no longer either recommends or approves the plaintiff, then that court will thereby enable the plaintiff to deceive the public.
Plaintiff has referred this court to a number of cases involving controversies similar to the controversy involved in the instant case. He concedes that two of those cases are contrary to the contentions which he is making in the instant case. Rainwater v. Trimble, supra; Coons v. Journeymen Barbers, Hairdressers & Cosmetologists International Union of America, Local No. 31, 222 Minn., 100 (1946), 23 N. W. (2d), 345 (involving an injunction against picketing and not against removal of a shop card). Of the five cases which he claims support his position, it may be observed that only two represent decisions made by state courts of last resort. The other three are decisions by intermediate appellate courts such as our Court of Appeals.
In Saveall v. Demers (1947), 322 Mass., 70, 76 N. E. (2d), 12, 2 A. L. R. (2d), 1190, the defendant union was enjoined from picketing the plaintiff’s shop and interfering with his business on the ground that the objective sought to be achieved by such union activity was not lawful. As hereinbefore pointed out, where picketing by a union is involved, it may be appropriate to determine whether the objective sought to be achieved by such picketing is legal and proper. No picketing or threatened picketing is involved in the instant case. The Massachusetts case did not involve any question as to the right to display a union shop card or otherwise represent to the public that the *580 shop operator was approved or recommended by the union. Likewise, that question was not involved in Wisconsin Employment Relations Board v. Journeymen Barbers, Hairdressers & Cosmetologists’ International Union of America, Local 379 B (1949), 256 Wis., 77, 39 N. W. (2d), 725, which dealt with a charge that the union “had engaged in unfair labor practices by picketing for the purpose of forcing the complainants to violate certain sections of” the Wisconsin statutes. There are not even any comparable statutory provisions in our state. Also, two of the cases decided by intermediate appellate courts do not in any way deal with the question of the right to display a union shop card. Purcell v. Journeymen Barbers & Beauticians International Union of America, Local 192-A (1939), 234 Mo. App., 843, 133 S. W. (2d), 662, and Wisconsin Employment Relations Board v. Journeymen Barbers, Hairdressers & Cosmetologists International Union of America, Local 115 (Wis. Circuit Court 1950), 18 Labor Cases C. C. H., 77965, paragraph 65896.
In Riviello v. Journeymen Barbers, Hairdressers & Cosmetologists’ International Union of America (1948), 88 Cal. App. (2d), 499, 199 P. (2d), 400, a preliminary injunction, against withdrawing a union card and picketing an employer’s shop for the purpose of compelling the employer to join the employees’ union with rights inferior to those of employee members, was issued on the ground that the purpose sought to be obtained was unlawful. In that case, the plaintiff’s petition was treated as an affidavit in support of the allegations relied upon as grounds for the temporary injunction. The defendant’s counter-affidavit apparently admitted that there was a shop-card agreement in existence between the parties governing the display of union cards. As the court observed in its opinion, “there is no averment that *581 the plaintiffs have breached that agreement.” This may explain why most of the opinion is taken up with the problems of -whether the objective sought to be achieved was unlawful and, if it was unlawful, whether the picketing could be enjoined. In any event, the little that was said, relative to an injunction against removing the union shop card, is not helpful in solving the specific problem which we believe is presented in the instant case.
Our conclusion is that the plaintiff is not entitled to the injunction which he sought and which was allowed by both the Common Pleas Court and the Court of Appeals.
The admissions of defendant union’s answer indicate that its rules and regulations will require its members to leave the plaintiff’s employment if the plaintiff does not join the defendant’s union as a proprietor member. However, the plaintiff has not argued in this court that, if the equitable relief which he sought and was given by the judgment under review should be denied him, then he should be given some other relief from the enforcement of those rules and regulations. It may well be that, if plaintiff cannot have an injunction against removal of the shop card, then the refusal of union members to work for him will not, in and of itself, cause him any damage. Thus, it might be found from the admissions in the pleadings and the evidence in the record that the location of plaintiff’s barber shop is such that, if plaintiff does not have the continued recommendation and approval of the defendant union indicated by the display of defendant’s union shop card, the decrease in plaintiff’s business will be such as to eliminate any necessity for hiring the assistant that he now employs. That being so, we express no opinion on the problem as to whether plaintiff would be entitled to any other relief in the instant case. The *582 existence of that problem will depend upon findings of fact which it is not the province of this court to make. We believe the appropriate manner of determining, whether that problem exists and how it should be disposed of if it does exist, is to remand this cause to the Common Pleas Court which may then give the plaintiff an opportunity, if he so desires, to seek such other relief.
The judgment of the Court of Appeals is reversed and the cause is remanded to the Common Pleas Court for further proceedings.

Judgment reversed.

Zimmerman, Stewart, Matthias and Hart, J J., concur.
Wbygandt, C. J., and Middleton, J., dissent.