CAROLINA POWER & LIGHT COMPANY v. JOHNSTON COUNTY ELECTRIC MEMBERSHIP CORPORATION, AND J. W. WOODARD, A. F. HOLT, SNEAD SANDERS, A. J. WHITLEY, JR., WADE H. ATKINSON, J. L. LEE, AND G. T. SCOTT, INDIVIDUALLY AND AS DIRECTORS AND MEMBERS OF JOHNSTON COUNTY ELECTRIC MEMBERSHIP CORPORATION, AND THOMPSON ELECTRICAL COMPANY, A CORPORATION.

(Filed 30 June, 1937.)

1. **Electricity § 3—Corporation formed under ch. 291, Laws of 1935, need not get certificate of convenience before constructing power lines.**

Plaintiff utility company, operating in the community, instituted this action to restrain defendant corporation, which was formed under ch. 291, Public Laws of 1935 (N. C. Code, 1694, subsecs. 7 to 28), from constructing power lines in the community parallel or which would parallel lines already lawfully constructed by plaintiff company, on the ground that defendant corporation had not secured a certificate of convenience from the Utilities Commissioner, as required by ch. 455, Public Laws of 1931 (N. C. Code, 1037 [d]). *Held:* By express provision of the act of 1935, corporations formed thereunder are not subject to the provisions of any other act, and the temporary restraining order was properly dissolved, the Act of 1931 not being applicable to defendant corporation.

2. **Appeal and Error § 38—**

Where the Supreme Court is evenly divided in opinion, one Justice not sitting, the judgment of the lower court will be affirmed in accordance with the usual practice.

APPEAL by plaintiff from *Small, J.,* at November Term, 1936, of WAKE. Affirmed.

This is an action for judgment:

1. That the defendants be perpetually restrained and enjoined:

"(a) From, in any manner or by any means, inducing, persuading, coercing, or intimidating any person or persons to fail or refuse to comply with his or their contracts or agreements with the plaintiff to wire his or their premises and to take electric service from the plaintiff.

"(b) From, in any manner or by any means, inducing, persuading, coercing, or intimidating any person or persons to discontinue the taking of electric service from the plaintiff in violation of his or their contracts or agreements with the plaintiff to take such service.

"(c) From, in any manner or by any means, interfering with the plaintiff in the construction and operation of its rural lines in Johnston County, where plaintiff has lawfully constructed and is now operating such lines, and from inducing, persuading, coercing, or intimidating prospective customers of the plaintiff along such lines not to take electric service from the plaintiff.

"(d) From constructing or operating any rural electric lines paralleling any rural lines of the plaintiff, or in territory occupied by the plaintiff, or in territory contiguous to the rural lines of the plaintiff, until or unless a certificate of convenience and necessity is first obtained by the defendant Johnston County Electric Membership Corporation from the North Carolina Utilities Commissioner as provided by law."

2. That the defendant Johnston County Electric Membership Corporation is a public utility corporation and as such is required to obtain from the North Carolina Utilities Commissioner a certificate of convenience and necessity before it may proceed further with the construction or operation of rural lines in competition with the plaintiff.

3. That plaintiff have such other and further relief as the court shall find it is entitled to, and recover of the defendants the costs of the action.

From judgment dissolving a temporary restraining order and dismissing the action, the plaintiff appealed to the Supreme Court, assigning error in the judgment.

*W. H. Weatherspoon, A. Y. Arledge, Abell & Shepard, and MacLean, Pou & Emanuel for plaintiff.*

*I. M. Bailey for defendants.*

CONNOR, J. At the hearing of this action in the Superior Court, the court was of opinion that on all the evidence offered by both the plaintiff and the defendants, the plaintiff is not entitled to the relief prayed for in its complaint. Accordingly, the temporary restraining order issued

in the action was dissolved, and the action was dismissed by judgment as of nonsuit. On its appeal to this Court, the plaintiff contends that there is error in the judgment:

1. For that the judgment is predicated primarily on the erroneous holding of the court that the defendant Johnston County Electric Membership Corporation was not required, before beginning the construction or operation of its facilities for serving its members by furnishing them electricity for lights and power, to obtain from the Utilities Commissioner of North Carolina a certificate that public convenience and necessity requires or will require the construction and operation of said facilities by the said defendant; and,

2. For that there was evidence at the hearing of the action sufficient to show that the defendants, other than Thompson Electrical Company, have wrongfully and unlawfully caused and will wrongfully and unlawfully continue to cause customers of the plaintiff to violate their contracts or agreements with the plaintiff, as alleged in the complaint, and that for this reason the action should not have been dismissed, but should have been continued for a final hearing.

The plaintiff is a public service corporation, organized and doing business under the laws of this State, with its principal office in the city of Raleigh, Wake County, North Carolina. It is engaged in business in this State and elsewhere as a public utility and as such furnishes its customers electricity for lights and power. Prior to the commencement of this action, the plaintiff had lawfully entered Johnston County, which adjoins Wake County, and had constructed lines and other facilities for the purpose of furnishing to residents of rural communities of Johnston County electric service. It had at great expense procured from many residents of rural communities of Johnston County contracts or agreements by which said residents had agreed to wire their premises, and to take from the plaintiff, as its customers, electric service. Many of these prospective customers of the plaintiff, notwithstanding their contracts and agreements, have failed to wire their premises, or to take from the plaintiff electric service. Such failures have resulted and will result in great loss and damage to the plaintiff.

The defendant Johnston County Electric Membership Corporation was organized under and pursuant to the provisions of chapter 291, Public Laws of North Carolina, 1935. N. C. Code of 1935, section 1694 (7 to 28). After its organization and prior to the commencement of this action, the said defendant applied to the Federal Rural Electrification Administration for a loan of money to enable it to construct facilities for the purpose of furnishing its members electric service. This application was approved by the North Carolina Rural Electrification Authority, and the Federal Rural Electrification Administration

has agreed to make the loan in accordance with said application. Relying upon said agreement, the defendant has entered into a contract with the defendant Thompson Electrical Company, of Raleigh, N. C., for the construction of said facilities. Pursuant to said contract, the defendant has constructed and will continue to construct lines in rural communities of Johnston County, which parallel or will parallel certain lines constructed by the plaintiff. There is now and will continue to be sharp competition between the plaintiff and the said defendant in certain rural communities in Johnston County. The defendant has not obtained or applied for a certificate of convenience and necessity, in accordance with the provisions of chapter 455, Public Laws of North Carolina, 1931. N. C. Code of 1935, section 1037 (d).

It is provided by statute in this State that "no person, or corporation, their lessees, trustees, or receivers, shall hereafter begin the construction or operation of any public utility plant or system, or acquire ownership or control of (such plant or system) either directly or indirectly, without first obtaining from the Utilities Commissioner a certificate that public convenience and necessity requires or will require such construction, acquisition, or operation: *Provided,* that this section shall not apply to new construction in progress at the time of the ratification of this act, nor to construction into territory contiguous to that already occupied, and not receiving similar service from another utility, nor to construction in the ordinary conduct of business." Chapter 455, Public Laws of North Carolina, 1931; N. C. Code of 1935, section 1037 (d).

This statute is not applicable to the defendant Johnston County Electric Membership Corporation, which was organized under the provisions of chapter 291, Public Laws of North Carolina, 1935. Section 23 of said chapter is as follows:

"This act is complete in itself, and shall be controlling. The provisions of any other law, general, special, or local, shall not apply to a corporation formed under this act."

By reason of the provisions of this section of the statute under which it was organized, there was no error in the holding of the court in the instant case that the defendant Johnston County Electric Membership Corporation was not required, before beginning the construction or operation of its facilities for serving its members by furnishing them electricity for lights and power, to obtain from the Utilities Commissioner of North Carolina a certificate that public convenience and necessity requires or will require the construction and operation of said facilities by said defendant. The judgment, in so far as the same is predicated upon this holding, is affirmed without division of opinion by members of this Court.

*Schenck, J.,* one of the members of this Court, not sitting at the hearing of this appeal, and the other members being evenly divided in opinion as to whether there was error in the judgment dismissing the action, on the ground that there was no evidence at the hearing tending to show that the defendants have wrongfully and unlawfully caused customers of the plaintiff to violate their contracts or agreements with the plaintiff, and will continue to wrongfully and unlawfully cause said customers to violate their contracts or agreements with the plaintiff, as alleged in the complaint, the judgment dismissing the action is affirmed in accordance with the practice of this Court in such cases. *Golt v. Ins. Co.,* 210 N. C., 832.

In accordance with this opinion, the judgment is

Affirmed.