STATE OF NORTH CAROLINA EX REL ELWOOD C. LONG, RELATOR v. SAM G. SMITHERMAN.

(Filed 14 January, 1960.)

**1. Elections § 8—**

Findings that the summons and complaint in an action to try title to public office were not served on the defendant within ninety days after his induction into the office supports judgment dismissing the action. G.S. 1-522.

**2. Statutes § 5a—**

Where the language of a statute expresses the legislative intent in clear, positive and understandable language, it must be given its express effect and there is no room for construction.

**3. Appeal and Error § 21—**

A sole exception to the court's sustaining defendant's motion to dismiss and to the signing of the judgment presents the questions only whether error of law appears on the face of the record proper and whether the facts found support the judgment.

APPEAL by plaintiff from *Phillips, J.*, at May Term, 1959, of MONTGOMERY.

Civil action in the nature of *quo warranto* to determine the right of plaintiff to the office of Sheriff of Montgomery County, leave having been granted pursuant to provisions of G.S. 1-516 by the Attorney General for North Carolina to plaintiff to bring and prosecute the said civil action in the Superior Court of Montgomery County in the name of the State of North Carolina, ex rel the plaintiff above named, versus the defendant above named, to try and determine the right and title of the said Elwood C. Long to the office of Sheriff of Montgomery County.

The record proper shows:

(1) That summons, dated 26 March, 1959, was issued to the coroner of Montgomery County, and returned by the coroner endorsed as follows: "Received March 26, 1959; Served April 4, 1959, by delivering a copy of the within summons and a copy of the complaint to each of the following defendants: Sam G. Smitherman— and signed 'J. C. Wallace, Coroner, Montgomery County'."

(2) That at the time of issuance of said summons Relator filed a complaint duly verified as set forth in the record on appeal.

(3) That on 29th day of April, 1959, attorneys for Sam G. Smitherman gave notice to the Relator, Elwood C. Long, or his attorneys of record (a) that defendant had filed in the above entitled action a motion to dismiss the same for failure to comply with Sec. 1-522 of the General Statutes of North Carolina, a copy of the motion being attached; and (b) that defendant would ask that said motion be heard before trial at the May 18, 1959 Term of Superior Court of Montgomery County— which notice was served on attorneys for Relator on 30 April, 1959, and on Relator on 1 May, 1959.

(4) That affidavit and answer to the motion was filed 18 May, 1959; and

(5) That "on the 18th day of May, 1959, after the case had been duly calendared, a hearing on said motion was had at the regular May 1959 Civil Term of Montgomery County Superior Court before the Honorable F. Donald Phillips, Judge presiding, upon the summons, complaint, authority of the Attorney General, motion of defendant, notices and order of the Clerk, the affidavit of S. H. McCall, Jr., and after the hearing of said matter and the argument of counsel, the court entered its judgment as follows:

"May Term 1959

"This Cause coming on to be heard and being heard before the Honorable F. Donald Phillips, Judge presiding at the May 18th Term 1959 of the Superior Court of Montgomery County, upon the motion of the defendant, Sam G. Smitherman, to dismiss the above entitled action under the provisions of Section 1-522 of the General Statutes of North Carolina, and the court having heard the matter upon the summons, complaint, motion, answer to motion and affidavits filed by the Relator, and after arguments by counsel, both for the Relator and the defendant, and it appearing to the court and the court finds as a fact that the summons and the complaint in the above entitled action were served on the defendant, Sam G. Smitherman, on the 4th day of April 1959, which was more than ninety (90) days after his induction into the office of Sheriff of Montgomery County, North

Carolina, on December 31, 1958, contrary to the provisions of Section 1- 522 of the General Statutes of North Carolina;

"It Is, Therefore, Ordered, Adjudged and Decreed: That this action be dismissed and that the Relator be taxed with the costs to be assessed by the Clerk. This 18th day of May 1959."

Upon the ruling of the court and the entering of the judgment as aforesaid, the Relator, in open court, gave the following notice of appeal (in pertinent part):

"To the foregoing judgment and the findings and rulings therein contained the plaintiff in apt time excepts in open court and gives notice of appeal to the Supreme Court of North Carolina, further notice waived * * * (Signed) F. Donald Phillips."

And Relator appeals to Supreme Court and assigns error.

*Harold W. Gavin, S. H. McCall for relator, appellant.*
*Charles H. Dorsett, David H. Armstrong for defendant, appellee.*

WINBORNE, C. J.   In Article 41 of Chapter 1 of the General Statutes of North Carolina pertaining to actions in the nature of *quo warranto* it is provided in G.S. 1-522 that "All actions brought by a private relator, upon the leave of the Attorney General, to try the title to an office must be brought, and a copy of the complaint served on the defendant, within ninety days after his induction into the office to which the title is to be tried; and when it appears from the papers in the cause, or is otherwise shown to the satisfaction of the court, that the summons and complaint have not been served within ninety days, it is the duty of the judge upon motion of defendant to dimiss the action at any time before the trial, at the cost of the plaintiff."

The language of this statute is clear, positive and understandable. It requires no construction. *S. v. Carpenter,* 173 N.C. 767, 92 S.E. 373. "When the language of a statute is plain and free from ambiguity, expressing a single, definite and sensible meaning, that meaning is conclusively presumed to be the meaning which the Legislature intended, and the statute must be interpreted accordingly." See headnote #2 in *School Comrs. v. Aldermen,* 158 N.C. 191, 73 S.E. 905.

It is under this section that the motion of defendant to dismiss the action is made. And from the judgment from which appeal is taken it appears that the judge of Superior Court finds as a fact that the summons and complaint in the action were served on the defendant on the 4th day of April, 1959, which was more than ninety days after his induction into the office of Sheriff of Montgomery County, on 31 December, 1958, that is, not within the ninety days

next after his induction in office. Indeed this fact is not controverted. Therefore the facts on which the motion is based clearly come within the provisions of the statute G.S. 1-522.

And in the record of case on appeal the Relator appellant assigns as error, 1, "the ruling of the court in sustaining or allowing the defendant's motion to dismiss"; and, 2, "the signing of the judgment as appears of record."

There is no exception or assignment of error challenging the facts found. Therefore, the only questions presented by the assignments of error are (1) Is there error in law appearing on the face of the record proper; (2) Do the facts found support the judgment. See Sec. 21, Appeal and Error, Strong's N. C. Index; *Burnsville v. Boone,* 231 N. C. 577, 58 S.E. 2d 351.

In the light of the factual situation the case comes clearly within the purview and meaning of the statute G.S. 1-522. The record fails to show any assignment of error with respect to any particular question of law, and the facts found support the judgment.

Hence the judgment is

Affirmed.