MRS. STELLA P. DAVIS, WIDOW; AND MRS. STELLA P. DAVIS, NEXT FRIEND OF TONDAH LEE DAVIS, DAUGHTER OF WILLIAM GRAY DAVIS, DECEASED, EMPLOYEE, v. N. C. GRANITE CORPORATION, EMPLOYER; SELF-INSURER.

(Filed 14 June 1963.)

**1. Master and Servant § 69a—**

Under G.S. 97-61.6 the dependents of a deceased employee are entitled to compensation if the employee dies as a result of silicosis within two years from the date of the last exposure or if the employee dies within 350 weeks from the date of last exposure to silicosis and while he is receiving or is entitled to receive compensation for disability due to silicosis, either partial or total, notwithstanding that the death does not result from silicosis.

**2. Statutes § 5—**

Where a statute contains two independent clauses connected by a disjunctive, prescribing conditions of its applicability, the statute is applicable to cases falling within either clause and it is not required that the conditions of both clauses be met.

**3. Same—**

When the language of a statute is clear and free from ambiguity, the courts must give it its plain and definite meaning.

**4. Master and Servant § 69a—**

The clear intent of G.S. 97-61.6 to provide compensation for death from silicosis occurring within 350 weeks from the date of last exposure if the employee was at the time of death receiving compensation for disablement due to silicosis, even though the death does not result from silicosis, must be given effect notwithstanding G.S. 97-2(6), (10) and G.S. 97-52, since the specific provisions relating to silicosis which were enacted because of the peculiar course of the disease must be construed as an exception to the general tenor of the Compensation Act to provide compensation for death only if it results from an accident arising out of and in the course of the employment.

**5. Statutes § 5—**

A special or particular provision of a statute which, standing alone, would seem to be in conflict with a general provision of the same act, will ordinarily be construed to constitute an exception to the general provision, as the General Assembly is not to be presumed to have intended a conflict.

APPEAL by defendant from *Crissman, J.,* November 1962 Term of SURRY.

*Hiatt & Hiatt and Weisner Farmer for plaintiffs.*
*Folger & Folger for defendant.*

MOORE, J.  This is a proceeding by plaintiffs under the Workmen's Compensation Act for compensation on account of the death of William Gray Davis, formerly an employee of defendant N. C. Granite Corporation.

Davis was a stonecutter and was employed as such by defendant from 1945 until he was laid off on 31 December 1957. He had contracted silicosis and on 25 March 1959 the medical advisory committee of the Industrial Commission determined that he had silicosis, grade I, and was 30% disabled. A year later he was found to have silicosis, grade II, and was 50% disabled. The following year he was examined again and on 30 March 1961 was rated 100% disabled. The defendant admitted liability for the occupational disease and agreed to pay compensation. There were two agreements, one dated 13 April 1959 under which Davis was to be paid $35 per week beginning 16 March 1959 and continuing 104 weeks, and another under which he was to be paid $35 per week for an unspecified number of weeks. Davis died 13 July 1961; the last compensation payment to him was made 7 July 1961.

Plaintiffs, deceased's dependents, applied for compensation on account of his death. At the hearing before the Deputy Hearing Commissioner there was testimony from Dr. T. C. Britt, who had treated Davis, that the immediate cause of death was acute myocardial infarction due to arteriosclerotic heart disease and that in his opinion silicosis was not the cause of death and was not related to terminal disease. The Deputy Hearing Commissioner found as a fact that decedent's death was not caused by or related to the occupational disease, silicosis, and, based on this finding, concluded that plaintiffs are not entitled to compensation. On appeal, the Full Commission affirmed. Plaintiffs appealed to Superior Court. Judge Crissman overruled the Commission's conclusion and award, adjudged that plaintiffs are entitled to compensation under the provisions of G.S. 97-61.6, and remanded the cause to the Industrial Commission for the entry of an award of compensation. Defendant appeals.

Silicosis is the characteristic fibrotic condition of the lungs caused by inhalation of dust of silica or cilicates. G.S. 97-62. "The slow development, incurable nature, and usual permanence of the disability resulting from . . . silicosis were pointed out in *Honeycutt v. Asbestos Co.*, 235 N.C. 471, 70 S.E. 2d 426, as reasons prompting the Legislature to draw distinctions between the tests for compensation to be paid an

injured employee and a diseased employee suffering from silicosis."
*Pitman v. Carpenter*, 247 N.C. 63, 67, 100 S.E. 2d 231.

After the Industrial Commission has been advised initially by the
State Board of Health that an employee has silicosis, the employee
is required to undergo annual examinations by the advisory medical
committee of the Commission. G.S. 97-61.1; G.S. 97-61.3; G.S. 97-61.4.
If the employee refuses to be examined, he forfeits his right to
compensation. G.S. 97-60. After the first such examination, the Com-
mission may remove the employee from the industry, and the em-
ployee, by agreement of his employer or as a result of a hearing by the
Commission to determine his right to compensation, may be awarded
compensation for a period of 104 weeks. G.S. 97-61.5. In the instant
case the various steps outlined by the sections referred to in this
paragraph were taken.

G.S. 97-61.6 provides in pertinent part:

> "After receipt by the employer and employee of the advisory
> medical committee's third report, the Industrial Commission, un-
> less it has approved an agreement between the employee and em-
> ployer, shall set a final hearing in the cause, at which it shall re-
> ceive all competent evidence bearing on the cause, and shall make
> a final disposition of the case, determining what compensation, if
> any, the employee is entitled to receive in addition to the 104
> weeks already received.

> "Where the incapacity for work resulting from . . . silicosis is
> found to be total, the employer shall pay, or cause to be paid, to
> the injured employee during such total disability a weekly
> compensation equal to sixty per centum (60%) of his average
> weekly wages, but not more than thirty-five dollars ($35.00), nor
> less than ten dollars ($10.00), a week; and in no case shall the
> period covered by such compensation be greater than 400 weeks,
> nor shall the total amount of all compensation exceed ten thou-
> sand dollars ($10,000.00).

> . . . . .

> "Provided, however, should death result from . . . silicosis with-
> in two years from the date of last exposure, *or* should death result
> within 350 weeks from the date of last exposure and while the em-
> ployee is entitled to compensation for disablement due to . . .
> silicosis, either partial or total, then in either of these events, the
> employer shall pay, or cause to be paid, by one of the methods set
> forth in G.S. 97-38 a total compensation which when added to the
> payments already made for partial or total disability to time of

death, shall not exceed ten thousand dollars ($10,000.00) including burial expenses."

Davis died pending an award for permanent disability. Defendant contends that decedent's dependents are not entitled to compensation on account of his death because it "was not caused by or related to silicosis."

Decision must rest upon the meaning of the last paragraph of G.S. 97-61.6. It provides two conditions under which dependents of a deceased employee, who had silicosis, are entitled to compensation on account of his death: (1) If death results *from silicosis* within two years from the date of last exposure, or (2) if death results within 350 weeks from the date of last exposure and while the employee is entitled to compensation for disablement due to silicosis, either partial or total. These conditions are stated in independent clauses of a compound sentence and neither clause is dependent upon the other.

The first condition does not apply here, for Davis did not die *of silicosis* within two years of the date of his last exposure. The second condition does apply. He died within 350 weeks from the date of his last exposure; at the time of his death he was entitled to and was drawing compensation for disablement due to silicosis; and under the second condition there is no requirement that death result from silicosis.

"Where a statute contains two clauses which prescribe its applicability, and the clauses are connected by a disjunctive (e.g. 'or'), the application of the statute is not limited to cases falling within both clauses, but will apply to cases falling within either of them." 4 Strong: N. C. Index, Statutes, § 5, p. 180; *Patrick v. Beatty,* 202 N.C. 454, 163 S.E. 572. The language of that portion of G.S 97-61.6 under consideration here is clear, positive and understandable. When the language of a statute is plain and free from ambiguity, expressing a single, definite and sensible meaning, that meaning is conclusively presumed to be the meaning which the Legislature intended, and the statute must be interpreted accordingly. *Long v. Smitherman,* 251 N.C. 682, 684, 111 S.E. 2d 834.

Silicosis is incurable, but it rarely, if ever, causes disability until secondary infection develops. It has frequently been said that silicosis is not in itself a disabling disease, and usually some other disease causes death. 2 Gray: Attorney's Textbook of Medicine (3rd. ed. 1962), s. 147.08, p. 1589. It must be presumed that the General Assembly legislated with respect to this subject with a full understanding of the nature and effects of silicosis, and used language which expresses its intention.

Defendant contends that an award of compensation in this case will violate the general purposes and provisions of the Workmen's Compensation Act. Within the purview of the Act a compensable death is a death resulting from injury arising out of and in the course of employment. G.S. 97-2(6),(10). And "disablement or death of an employee resulting from an occupational disease . . . (silicosis) shall be treated as the happening of an injury by accident. . . ." G.S. 97-52. We concede *arguendo* that compensation in the instant case is contrary to these definitive terms. Nevertheless, "where there are two provisions in a statute, one of which is special or particular and the other general, which, if standing alone, would conflict with the particular provision, the special will be taken as intended to constitute an exception to the general provision, as the General Assembly is not to be presumed to have intended a conflict." 4 Strong: N. C. Index, Statutes, s. 5, pp. 182-3.

Defendant insists that the crucial question on this appeal was settled in principle by the decision in *Gilmore v. Board of Education*, 222 N.C. 358, 23 S.E. 2d 292, in which, construing G.S. 97-38, it was said that "compensation is only allowed for death which 'results proximately from the accident.'" *Gilmore* and the case at bar are not analagous either factually or legally. The conditions prescribing applicability of G.S. 97-38 are both based on death resulting proximately from injury by accident arising out of and in the course of employment. The *Gilmore* case did not involve G.S. 97-37.

In appropriate circumstances the right to compensation survives the death of the employee and accrues to his dependents. G.S. 97-37; G.S. 97-61.6; *Inman v. Meares*, 247 N.C. 661, 101 S.E. 2d 692.

The judgment below is affirmed. The case is remanded to the Superior Court that its judgment heretofore entered may be implemented.

Affirmed.