STATE HIGHWAY COMMISSION v. WAYNE W. HEMPHILL AND WIFE, SYLVIA HEMPHILL; T. O. PANGLE, TRUSTEE; P. L. KING AND WIFE, MINNIE BELLE KING; FRANK KASEY.

(Filed 1 March, 1967.)

**1. Appeal and Error § 46—**

While the exercise of a discretionary power is not reviewable in the absence of a showing of abuse of discretion, the refusal to entertain a motion on the ground that the court is without discretionary power to do so is reviewable.

**2. Pleadings § 24—**

The Superior Court has inherent and statutory power to allow an amendment of a pleading or the filing of a pleading at any time, unless prohibited by some statutory act or unless vested rights are interfered with.

**3. Constitutional Law § 6—**

While the General Assembly has no power to deprive the judicial department of jurisdiction rightfully pertaining to it as a coordinate department of the State government, the General Assembly has the power to regulate procedure in all courts below the Supreme Court. Constitution of North Carolina, Article IV, § 12.

**4. Statutes § 5—**

A statute must be construed to effectuate the legislative intent.

**5. Same—**

Where acts of the legislature apply to the same subject, the statutes are to be reconciled if this can be done by any fair and reasonable intendment, but to the extent that they are necessarily repugnant the latter statute prevails.

**6. Same—**

A special or specific statute will be construed as an exception to a prior general statute to the extent of conflict.

**7. Same—**

Where the language of the legislature is plain and free from ambiguity, the definite and sensible meaning of the statute must be given effect.

**8. Eminent Domain § 7—**

G.S. 136-107 limiting the time for the filing of answer in condemnation proceedings instituted by the Highway Commission must be construed as an exception to the general power of the court to extend the time for the filing of pleadings, G.S. 1-152, so that the court has no discretionary power to allow the filing of an answer after the time limited in the condemnation statute.

**9. Same—**

A petition under G.S. 136-105 to withdraw the amount deposited by the Highway Commission as compensation cannot be construed as an answer filed by a landowner in the condemnation proceedings, even though the petition states that the value placed on the land by the Commission is

inadequate, since neither statute nor custom requires that the order served on the Director recite the allegations in the petition, and therefore such petition is not notice to the Highway Commission.

**10. Pleadings § 6—**

A petition filed by defendant in the cause cannot be construed as an answer when under the applicable procedure the petition is not served on plaintiff, either by statutory requirement or custom, since the objectives of pleadings are to develop and present the issues and to give the adverse party notice of the grounds of contest.

APPEAL by defendants from *Martin, S.J.,* 10 August 1966 Civil Session of BUNCOMBE.

The State Highway Commission, pursuant to the provisions of G.S. 136-19 and G.S. 136-103 *et seq.,* and pursuant to a resolution of said Commission duly passed, instituted proceedings to condemn and take for public use an estate or interest in land owned by defendants. Plaintiff Commission filed a complaint and Declaration of Taking and Notice of Deposit on 28 September 1964 and made a deposit of $300 with the Superior Court of Buncombe County. Defendant Sylvia Hemphill was served with summons on 8 October 1964, and defendant Wayne Hemphill was served on 10 October 1964.

On 8 June 1965, defendants, through their attorney, Harold K. Bennett, filed a petition pursuant to G.S. 136-105 to withdraw the amount deposited by the Highway Commission. The petition, *inter alia,* alleged:

"4. That these defendants, petitioners, have not filed an answer in the above entitled action.

"5. Your petitioners, defendants, aver and say that the estimate as to the value placed on said lands so appropriated and condemned in the amount of $300.00 is inadequate and does not represent just compensation. . . . and that your petitioners will within the time allowed by law, file appropriate answer showing the actual value of the lands condemned and appropriated and severance damages sustained to their remaining lands caused by said taking."

On 28 September 1965 Copeland, S.J., entered an order allowing defendants an extension of time through 27 December 1965 in which to file answer. By letter dated 14 October 1965 Mr. Bennett forwarded to defendants copy of order of Riddle, J., dated 6 October 1965, allowing him to withdraw as counsel. By letter dated 29 November 1965 the offices of Mr. Harold K. Bennett forwarded the file in the case to defendant Wayne Hemphill, and in the forwarding letter again advised that he immediately employ counsel to rep-

resent him, as time for filing answer would expire on 27 December 1965.

Answer was filed by defendants on 8 June 1966. On 13 June 1966 plaintiff filed motion to strike answer. Martin, J., entered an order striking defendants' answer. Defendants appeal from this order.

*Attorney General Bruton, Deputy Attorney General Lewis, Trial Attorney J. Bruce Morton, and Associate Counsel Lamar Gudger for plaintiff Highway Commission.*

*Joseph C. Reynolds and Dennis J. Winner for defendants Wayne W. Hemphill and wife, Sylvia Hemphill.*

BRANCH, J. The appellants and the appellee in their respective briefs submit that the questions for decision are:

1. Did the trial court err in stating that it had no discretion in allowing the defendants to answer in that the eighteen months allowed by N. C. Gen. Stats., Sec. 136-107, had expired?

2. The defendants filed a petition on June 8, 1965, which, among other things, stated that the amount deposited by the plaintiff did not represent just compensation. Is this sufficient to be taken as an answer within the meaning of N. C. Gen. Stats., Sec. 136-106 and Sec. 136-107?

Considering the first question, we are cognizant of the general rule that "(a) judgment or order rendered by a judge of the Superior Court in the exercise of a discretionary power is not subject to review by appeal to the Supreme Court in any event, unless there has been an abuse of discretion on his part." *Veazey v. Durham*, 231 N.C. 357, 57 S.E. 2d 377. But if the exercise of a discretionary power of the Superior Court is refused upon the ground that it has no power to grant a motion addressed to its discretion, the ruling of the court is reviewable. *Gilchrist v. Kitchen*, 86 N.C. 20; *Early v. Eley*, 243 N.C. 695, 91 S.E. 2d 919. It has also been long settled in this jurisdiction that the right to amend pleadings in a case and allow answers or other pleadings to be filed at any time is an inherent and statutory power of the superior courts which they may exercise at their discretion, *unless prohibited by some statutory enactment* or unless vested rights are interfered with. *Gilchrist v. Kitchen, supra; Harmon v. Harmon*, 245 N.C. 83, 95 S.E. 2d 355; G.S. 1-152.

G.S. 136-107 is as follows:

"Any person named in and served with a complaint and declaration of taking shall have twelve (12) months from the

date of service thereof to file answer. Failure to answer within said time shall constitute an admission that the amount deposited is just compensation and shall be a waiver of any further proceeding to determine just compensation; in such event the judge shall enter final judgment in the amount deposited and order disbursement of the money deposited to the owner. For good cause shown and upon notice to the Highway Commission the judge may within the initial twelve months' period extend the time for filing answer for a period not to exceed an additional six (6) months."

This statute became effective July 1, 1960, except as to any actions pending. Article IV, Sec. 12, of the Constitution of the State of North Carolina provides, in pertinent part:

"The General Assembly shall have no power to deprive the judicial department of any power or jurisdiction which rightfully pertains to it as a coordinate department of the government; but the General Assembly shall allot and distribute that portion of this power and jurisdiction which does not pertain to the Supreme Court among the other courts prescribed in this Constitution or which may be established by law, in such manner as it may deem best; . . . and regulate by law, when necessary, *the methods of proceeding in the exercise of their powers, of all the courts below the Supreme Court,* so far as the same may be done without conflict with other provisions of this constitution." (Emphasis ours)

This section gave to the General Assembly power to regulate the proceedings in all the courts *"below the Supreme Court." Horton v. Green,* 104 N.C. 400, 10 S.E. 470. Thus the legislature was acting within its constitutional power to regulate proceedings in the Superior Court.

Many years ago the legislature enacted G.S. 1-152 (formerly C.S. 536), which provided:

"Time for pleading enlarged. — The judge may likewise, in his discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited, or by an order may enlarge the time."

Appellants rely on the broad authority given by this statute to judges of superior court along with the inherent powers of the court to sustain their position. In considering the two pertinent statutes, we apply the well-recognized rules of statutory construction that the intent of the legislature controls the interpretation of a statute,

*Lockwood v. McCaskill,* 261 N.C. 754, 136 S.E. 2d 67, and that when there are two acts of the legislature applicable to the same subject, their provisions are to be reconciled if this can be done by fair and reasonable intendment, but, to the extent that they are necessarily repugnant, the *latter shall prevail. Kornegay v. Goldsboro,* 180 N.C. 441, 105 S.E. 187; *Martin v. Sanatorium,* 200 N.C. 221, 156 S.E. 849.

G.S. 136-107 is a specific statute regulating procedure only in condemnation proceedings under Article 136 of the General Statutes. "The special or specific statute circumscribes the effect of the prior general or broad act from which it differs, and operates to engraft thereon an exception to the extent of the conflict." 50 Am. Jur., Statutes, § 563, p. 564.

There is no necessity for construction of the statute as such since it plainly expresses the legislative purpose and meaning on its face. " 'When the language of a statute is plain and free from ambiguity, expressing a single, definite and sensible meaning, that meaning is conclusively presumed to be the meaning which the Legislature intended, and the statute must be interpreted accordingly.' " *Long v. Smitherman,* 251 N.C. 682, 111 S.E. 2d 834.

G.S. 136-107 expresses a definite, sensible and mandatory meaning concerning procedure in condemnation proceedings under Chapter 136 of the General Statutes, so as to prohibit the exercise of the statutory or inherent power by the superior court to allow extension of time to answer after time allowed by said statute has expired.

Thus we hold that the trial court did not err by stating it had no discretion in allowing the defendants to answer in that the eighteen months allowed by N. C. General Statutes, Section 136-107, had expired.

As to the second question presented for decision, appellants contend that their petition, brought under G.S. 136-105 for disbursement of deposit, should be taken as an answer because it stated "That the amount deposited by the plaintiff did not represent just compensation." Appellants state in this petition that they have not filed answer and "that they will within the time allowed by law file appropriate answer." G.S. 136-105, the statute under which appellants filed their petition, provides in part: "No notice to the Highway Commission of the hearing upon the application for disbursement of deposit shall be necessary, but a copy of the order disbursing the deposit shall be served upon the Director of the Highway Commission." Neither the statute nor custom in practice requires the order served on the Director to recite allegations in the petition. Therefore, the adverse party, the appellee, is completely

without notice that appellants have stated in the petition "that the amount deposited did not represent just compensation." "Pleadings are designed to develop and present the precise points in dispute between parties. . . . In a more restricted and in the commonly accepted sense, the object of pleadings is to notify the opposite party of the facts which the pleader expects to prove so that he may not be misled in the preparation of his case." 41 Am. Jur., Pleading, § 3, p. 289.

This Court looks with favor upon the early joining of issues and prompt disposal of litigation. This can only be done when all parties are given prompt notice of the contentions and claims of their adversaries in the mode sanctioned by law. Our code has required that an answer be filed so as to admit or contain a general or specific denial of each material allegation of the complaint controverted by defendant. *Spain v. Brown*, 236 N.C. 355, 72 S.E. 2d 918.

"An answer is 'filed' when it is delivered for that purpose to the proper officer and received by him. Upon admission that answer has been filed it will be presumed that a copy thereof for the use of plaintiff had likewise been filed and mailed to him or his attorney of record, as required by G.S. 1-125." Strong: N. C. Index, Vol. 3, Pleading, § 6, p. 610.

In the instant case the petition filed by appellants gives no notice to appellee of their contentions or defenses so that it might marshal its evidence and apply the law so as to insure a fair and prompt disposal of the litigation.

Our Court, speaking through Merrimon, J., in the case of *McLaurin v. Cronly*, 90 N.C. 50, stated:

"An important part of every code of laws is that settling and defining the methods of legal procedure. In this rest the life, vigor and efficiency of the law. It is, therefore, unwise to underrate its importance. It is of the highest moment to observe and uphold it with consideration and care. It is dangerous to allow and tolerate careless practice under procedure law. Such practice never fails to impair the due administration of justice, and sometimes results in defeating the ends of the law."

The equities of the case do not favor the appellants. In addition to the eighteen months which were available to them in which to file proper answer, they had the benefit of conscientious counsel who notified them of his intention to withdraw from the case by letter dated October 14, 1965, and furnished them with a copy of order allowing him to withdraw from the case by letter dated October 29, 1965, in which he requested appellants to please pick up

their file in this case. By letter dated November 29, 1965, the law offices of Harold K. Bennett again urged appellants to employ counsel, reminded them that the time for filing answer expired on 27 December 1965. Thus the appellants had ample time to file answer and were strongly warned of the necessity for the employment of counsel and filing of pleadings.

The paper writing filed by appellants was not in name, intent or effect an answer.

We hold that the petition filed by appellants on 8 June 1965 is not sufficient to be taken as an answer within the meaning of G.S. 136-106 and 136-107.

The order entered by the trial court is

Affirmed.