STATE EX REL. BARKER v. ELLIS

[144 N.C. App. 135 (2001)]

———————

STATE OF NORTH CAROLINA, EX REL. ROBERT J. BARKER, SR., PLAINTIFF V.
JOHN W. ELLIS, III, DEFENDANT

No. COA00-719

(Filed 5 June 2001)

**1. Elections— quo warranto action—service not timely**
        The trial court correctly concluded that a summons and complaint had not been effectively served within 90 days of defendant taking office in a contested mayoral election where defendant

STATE EX REL. BARKER v. ELLIS

[144 N.C. App. 135 (2001)]

was sworn in as mayor on 21 December 1999 and the complaint and summons were served on 23 March 2000. Although plaintiff contends that the statute of limitations was tolled because he complied with N.C.G.S. § 1A-1, Rules 3 and 4, and that Rule 6(b) provides authority for the trial court to extend the time for service, the deadline for a quo warranto action is prescribed by N.C.G.S. § 1-522, the language of which is not ambiguous and requires no construction.

**2. Elections— quo warranto action—time for service—due process**

Plaintiff was not denied due process by the required time for service of a quo warranto action. The ninety-day service requirement is reasonable because of the importance of quickly resolving election disputes; here, plaintiff petitioned both the County and State Boards of Elections, filed administrative appeals, brought action in superior court and delayed the time for his opponent to take office for several weeks; waited until 15 February to request permission for a private quo warranto action; the Attorney General granted that permission on 1 March, giving plaintiff nearly three weeks to bring the action and obtain service; and plaintiff waited until 17 March to bring the action and did not serve the complaint until 23 March. Plaintiff had ample opportunity to be heard and was not denied due process.

Appeal by plaintiff from judgment entered 18 April 2000 by Judge Henry V. Barnette in Superior Court, Wake County. Heard in the Court of Appeals 18 April 2001.

*Akins Hunt & Fearson, P.L.L.C., by Donald G. Hunt, Jr., for plaintiff-appellant.*

*Tharrington Smith, by Michael Crowell for defendant-appellee.*

WYNN, Judge.

In November 1999, John Ellis defeated Robert Barker in the election for mayor of Fuquay-Varina by sixteen votes. Mr. Barker issued a verbal and written request for a recount on 5 November 1999. The Wake County Board of Elections denied his request and Mr. Barker filed an appeal to the North Carolina Board of Elections. After a hearing, the State Board dismissed Mr. Barker's appeal.

STATE EX REL. BARKER v. ELLIS

[144 N.C. App. 135 (2001)]

Shortly thereafter, Mr. Barker filed a petition in Wake County Superior Court. On 10 December 1999, at the petition hearing, the trial judge ordered that Barker's case be remanded to the State Board, and denied Barker's request for a stay of certification. Mr. Barker filed a notice of appeal to this Court and filed motions for a temporary stay and writ of supersedeas. This Court granted the motion for temporary stay; however, on 21 December 1999, this Court dissolved the stay and Mr. Ellis was sworn in as mayor.

Thereafter, Mr. Barker brought the subject *quo warranto* action on 17 March 2000; however, the complaint and summons were not served upon Mr. Ellis until 23 March 2000. The trial court dismissed the action because the complaint and summons were not served on Mr. Ellis within ninety days of his taking office as required by N.C. Gen. Stat. § 1-522. Mr. Barker appealed to this Court.

[1] First, Mr. Barker contends that the trial court erred in concluding that the summons and complaint had not been effectively served within ninety days of Mr. Ellis taking office. He argues that because he complied with N.C. Gen. Stat. § 1A-1, Rules 3 and 4, the statute of limitations in this action tolled and the service of summons and complaint on 23 March 2000 relates back to the date the summons was issued 17 March 2000. We disagree.

*Quo warranto*, which was a writ used to try title to an office, has been abolished, and replaced by a statutory action under N.C. Gen. Stat. § 1-515 (1999). Section 1-515 embodies the substance of the writ and provides that:

An action may be brought by the Attorney General in the name of the State, upon his own information or upon the complaint of a private party, against the party offending, in the following cases:

(1) When a person usurps, intrudes into, or unlawfully holds or exercises any public office, civil or military, or any franchise within this State, or any office in a corporation created by the authority of this State; or,

(2) When a public officer, civil or military, has done or suffered an act which, by law, makes a forfeiture of his office.

N.C. Gen. Stat. § 1-515 (1999). N.C. Gen. Stat. § 1-522 limits the time a *quo warranto* action can be brought by private citizen.

All actions brought by a private relator, upon the leave of the Attorney General, to try the title to an office must be brought, and a copy of the complaint served on the defendant, within ninety days after his induction into the office to which the title is to be tried; and when it appears from the papers in the cause, or is otherwise shown to the satisfaction of the court, that the summons and complaint have not been served within ninety days, it is the duty of the judge upon motion of defendant to dismiss the action at any time before the trial, at the cost of the plaintiff.

N.C. Gen. Stat. § 1-522 (1999).

In this case, the record shows that Mr. Ellis was sworn in as mayor on 21 December 1999 and the complaint and summons were served on Mr. Ellis on 23 March 2000, which was 93 days after he took office. The language of N.C. Gen. Stat. § 1-522 is clear and unambiguous and it requires no construction. *See State ex rel. Long v. Smitherman,* 251 N.C. 682, 684, 111 S.E.2d 834, 836 (1960). "When the language of a statute is plain and free from ambiguity, expressing a single, definite, and sensible meaning, that meaning is conclusively presumed to be the meaning which the Legislature intended, and the statute must be interpreted accordingly." *Id. (citing School Comrs. v. Alderman,* 158 N.C. 191, 73 S.E. 905 (1912)).

Mr. Barker further argues that the *Long* decision predates the enactment of the Rules of Civil Procedure, and that the rules override N.C. Gen. Stat. § 1-522. However, the Rules of Civil Procedure expressly refute that contention: "These rules shall govern the procedure in the superior and district courts of the State of North Carolina in all actions and proceedings of a civil nature *except when a differing procedure is prescribed by statute.*" N.C. Gen. Stat. § 1A-1, Rule 1 (emphasis supplied). Indeed, the deadline for service in a *quo warranto* action is prescribed by statute, N.C. Gen. Stat. § 1-522, not the Rules of Civil Procedure.

Mr. Barker next argues that N.C.R. Civ. P. 6(b) provides authority for the trial court to extend the time for service of the complaint and summons in a private *quo warranto* action. However, this argument fails because the trial court's authority to extend the time for service exists under Rule 6(b) only when the deadline is set "by these rules or by a notice given thereunder or by order of court." N.C. Gen. Stat. § 1A, 6(b). The requirement that the complaint and summons in a private *quo warranto* action be served within ninety days is not set by

**STATE** EX REL. **BARKER** v. **ELLIS**

[144 N.C. App. 135 (2001)]

the Rules of Civil Procedure, but rather by a statute enacted by the General Assembly, N.C. Gen. Stat. § 1-522.

[2] In his final argument, Mr. Barker contends that he has been denied due process because he did not have control over the service of the complaint and summons within the ninety days required by statute. This contention, too, is without merit.

"Due process means simply a procedure which is fair and does not mandate a single, required set of procedures for all occasions; it is necessary to consider the specific factual context and the type of proceeding involved." *In re Anne M. Lamm*, 116 N.C. App. 382, 385, 448 S.E.2d 125, 128 (1994). "At its minimum, then, due process requires that every individual forced by the State to resolve claims of right, duty and liability through the judicial process be afforded a meaningful opportunity to be heard." *Wake County ex rel. Carrington v. Townes*, 53 N.C. App. 649, 651, 281 S.E.2d 765, 767 (1981).

The ninety day service requirement for a *quo warranto* action is reasonable because of the importance of quickly resolving election disputes. A *quo warranto* action is an expedited proceeding because it affects title to office. *See* N.C. Gen. Stat. § 1-521. "It is the duty of the judge to expedite the trial of these actions and to give them precedence over all others, civil or criminal." N.C. Gen. Stat. § 1-521. The plain language of N.C. Gen. Stat. § 1-522 provides explicit notice that the complaint had to be served within 90 days.

Here, the record shows that upon learning of the election returns, Mr. Barker initiated actions to overturn the results. He petitioned both the County and State Boards of Elections, filed administrative appeals, and brought actions in superior court. After those direct actions failed, he undertook steps to bring the present *quo warranto* action. Significantly, before seeking permission from the Attorney General, Mr. Barker was able to delay for several weeks the time in which Mr. Ellis took office. Yet, he waited until 15 February 2000 to request permission from the Attorney General to institute a private *quo warranto* action. Even so, the Attorney General granted that permission on 1 March 2000 giving him nearly three weeks to bring the action and serve Mr. Ellis. Instead, he waited until 17 March 2000 to bring the action and did not serve the complaint on Mr. Ellis until 23 March 2000. In light of these facts, Mr. Barker had ample opportunity to be heard. We therefore hold that Mr. Barker was not denied due process in this case.

Affirmed.

Judges TIMMONS-GOODSON and JOHN concur.