City of Greensboro v. Irvin

CITY OF GREENSBORO v. PEARL T. IRVIN (WIDOW); CHARLES W. IRVIN, JR., AND WIFE, MARY S. IRVIN; JOHN L. IRVIN AND WIFE, HELEN A. IRVIN; AND DORIS IRVIN EGERTON AND HUSBAND, GEORGE G. EGERTON

No. 7518SC129

(Filed 7 May 1975)

**Eminent Domain § 7— condemnation action — filing of belated answer**
> The trial court had no authority to allow the filing of an answer in a city's condemnation action after the time for filing answer provided by G.S. 136-107 had passed.

APPEAL by plaintiff from *Crissman, Judge.* Order entered 22 November 1974 in Superior Court, GUILFORD County. Heard in the Court of Appeals 16 April 1975.

Plaintiff instituted this action pursuant to its charter and Article 9 of Ch. 136 of the General Statutes for purpose of acquiring a right-of-way across lands of defendants in order to install, and thereafter maintain, a sanitary sewer outfall line. At the time of filing complaint, plaintiff filed a declaration of taking and notice of deposit and deposited $1,000.00 with the Clerk, said amount being estimated just compensation for the interest taken, as required by G.S. 136-103.

Summonses were issued on 6 August 1973 and, together with copies of the complaint, declaration of taking and notice of deposit, were served on defendants on various dates between 7 and 22 August 1973.

On 9 October 1974, plaintiff moved for final judgment and order of disbursement, alleging that more than twelve months had elapsed since service of process and that no answer, nor request for extension of time to answer, had been filed by any defendant. Thereafter, on 12 November 1974, defendants filed motion requesting permission to file answer.

Following a hearing, the trial court entered an order (1) finding that defendants have a meritorious defense and that their failure to file answer in due time was not due to neglect on their part but was due to inadvertence and excusable neglect on the part of their attorney, (2) denying plaintiff's motion for final judgment, and (3) allowing defendants 30 days within which to file answer.

Plaintiff appealed from the order.

*City Attorney Jesse L. Warren, by Assistant City Attorney James W. Miles, Jr., for plaintiff appellant.*

*Z. H. Howerton, Jr., for defendant appellees.*

BRITT, Judge.

The order from which plaintiff purports to appeal is interlocutory, hence, it is not appealable. Rule 4, Rules of Practice in the Court of Appeals of North Carolina. Nevertheless, we treat the papers filed as a petition for writ of certiorari, allow the petition and consider the cause on its merits.

Plaintiff contends that pursuant to its charter and amendments thereto, Ch. 1137, 1959 Session Laws, and Ch. 784, 1973 Session Laws, it is authorized to utilize the procedure provided by Article 9 of Ch. 136 of the General Statutes; and that the trial court was without authority to grant defendants' motion to be allowed to file answer. Plaintiff relies on *Highway Commission v. Hemphill*, 269 N.C. 535, 153 S.E. 2d 22 (1967) applying G.S. 136-107. We think the contention is valid and that the cited case controls.

The order appealed from is reversed and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

Judges HEDRICK and MARTIN concur.